DeArmond *v.* DeArmond.

DeArmond *v.* DeArmond.

(*Knoxville.*　November 1, 1892.)

1. DIVORCE.　*Insufficient affidavit to bill for.*

Complainant's affidavit to divorce bill was in these words, to wit: "That the statements made in the above bill of her own knowledge, are true, and those made upon information she verily believes to be true, and that the above complaint is not made out of collusion, but in sincerity and truth, and for the purposes expressed in the bill."

*Held:* This affidavit is fatally defective in several particulars: (1) It fails to state that the complaint was not made out of "levity." (2) It fails to negative collusion "with the defendant." (3) It fails to state that the complaint was made for the "causes" mentioned in the bill.

Code construed: §3311 (M. & V.); §2453 (T. & S.).

2. SAME.　*Court's jurisdiction dependent upon sufficiency of affidavit.*

In divorce causes the Court acquires no jurisdiction if, in any material respect, the affidavit to the bill fails to comply with the prescribed statutory form of affidavit.

Cases cited: Hackney *v.* Hackney, 9 Hum., 453; Stewart *v.* Stewart, 2 Swan, 591.

3. SAME.　*Same.*

And, in such case, this Court will dismiss the suit, upon its own motion, although no question has been made by the defendant in this or the lower Court upon the sufficiency of the affidavit.

FROM KNOX.

Appeal from Chancery Court of Knox County. H. R. GIBSON, Ch.

S. P. FOWLER and E. F. MYNATT for Complainant.

A. G. HOWE and WALTER M. COCKE for Defendant.

T. S. WEBB, Sp. J.    This is a divorce bill by a wife against her husband, seeking a divorce upon the grounds of cruel and inhuman conduct, failure to support, and habitual drunkenness.

The other defendants are made parties for the purpose of reaching property in their hands alleged to belong to the husband, and subjecting it to complainant's claim for alimony.

The Chancellor decreed a divorce from bed and board, and alimony.    The husband has appealed and assigned errors.

The first error assigned is that the affidavit to the bill is fatally defective.    The language of the affidavit, as it appears in the record, is as follows:

" That the statements made in the above bill of her own knowledge, are true, and those made upon information she verily believes to be true, and that the above complaint is not made out of collusion, but in sincerity and truth, and for the purposes expressed in the bill."

Section 2453 of the Code prescribes the affidavit to be made to a divorce bill, and is as follows:

" The bill shall be verified by an affidavit, upon oath or affirmation, before a Justice of the Peace, or the Judge or Clerk of the Court, that the facts stated in the bill are true, to the best of

the complainant's knowledge and belief, and that the complaint is not made out of *levity* or collulusion *with the defendant*, but in sincerity and truth, for the *causes* mentioned in the bill."

The defects in the affidavit in question are:

*First.*—It does not state that the complaint is not made out of "levity."

*Second.*—It does not state that the complaint is not made out of collusion "with the defendant."

*Third.*—It does not state that the complaint is made for the "causes" mentioned in the bill.

Complainant's counsel contends that the omission to negative "levity" is not material, because the affidavit does state that the complaint is made in "sincerity," and that this necessarily means that it is not made out of levity.

If this contention is true, then the requirement of the statute as to levity is mere surplusage, and could have been omitted from the statute entirely. We cannot accede to this proposition. The Legislature intended to require the complainant not only to show that the complaint was not made from an improper motive, but to go further, and show affirmatively that it was made from the proper motive. So, also, the Legislature has determined that a mere general averment of a good motive will not be sufficient, but has required the complainant to go further and expressly aver the absence of improper motives. Complainant might well assume that her sincere *desire* for a divorce, even when she had no legal grounds for it, would

justify her in swearing that the complaint is made in sincerity. While she is thus evasively swearing that the complaint is made in sincerity, she might at the same time know that the facts stated by her in the bill as grounds for divorce, while technically true, were susceptible of such explanation as would defeat her right to divorce. For instance, she might charge adultery against her husband, and the charge might be true, and yet she had condoned it. Upon this state of facts, she could not truly swear that the complaint was not made out of levity. The Legislature intended to make such an evasion impossible, and to compel an applicant for divorce to use the utmost good faith toward the Court. We are not to be understood as holding that no other words negativing levity, except those used in the statute, can be employed in the affidavit; but what we do hold is that it is essential that levity be negatived in the affidavit, and this is not done in the affidavit now before us.

Again, the affidavit negatives collusion generally, but does not expressly negative collusion *with the defendant*, which is the particular and only collusion intended to be guarded against. If the general negativing of collusion does not include and certainly negative collusion "with the defendant," then it is not a compliance with the statute. We think that it does not negative collusion with the defendant. A complainant might justify a general denial of collusion, by claiming that she had not

colluded with her father or brother or son, and might, at the same time, be acting in collusion with her husband. No room must be left for such an evasion.

This Court has said that the marriage relation is the most sacred of domestic relations, and the Legislature has plainly expressed its intention to protect this sacred relation from any collusive attack by the husband and wife. To this end, it has plainly required a written affidavit that this particular collusion does not exist.

Again, the affidavit states that the complaint is made for the "purposes" expressed in the bill, instead of for the "causes" mentioned in the bill. The *purposes* expressed in the bill are to secure a divorce and alimony. The *causes* mentioned in the bill are the grounds for the divorce. Code, § 2452, requires that the bill shall "set forth particularly and specially the causes of the complaint, with circumstances of time and place with reasonable certainty." The affidavit is required to show that the complaint is made for these *causes.* If an affidavit that the complaint is made for the *purposes* expressed in the bill is held to fulfill this requirement, then the room for evasion is palpable, and this part of the affidavit would be useless.

Any of the defects in the affidavit above considered were fatal in the Court below, unless cured by amendment.

A more important question, however, is whether this Court can now notice these defects, in the

absence of any action on them by the Court be-
low, and in the absence of any objection by the
defendant to the affidavit in the Court below.

It is quite clear that the defendant has waived
his right to object to the affidavit; and, so far as
he is concerned, the objection cannot be made here
for the first time. But if the affidavit required
by the statute is essential to the jurisdiction of
the Court, then the decree of the Chancellor has
been pronounced in a cause of which he did not
have jurisdiction, and it is our duty to dismiss
the bill. This question is now before this Court
for the first time.

In the case of *Hackney* v. *Hackney,* 9 Hum.,
453, the question is suggested by Judge McKin-
ney, but was not really involved, and was not
decided.

In the case of *Stewart* v. *Stewart,* 2 Swan, 591,
the cause of divorce stated in the bill was that
the defendant had abandoned her husband's home
"without any just or probable cause," and it was
not stated that the abandonment was "willful and
malicious." The Court held that no cause of di-
vorce was stated, and that all proof under such
an averment was irrelevant and useless, and no
decree for divorce could be made. In that case a
*pro confesso* had been taken against the defendant,
and, of course, no objection to the defective aver-
ments of the petition had been made in the
Court below.

Assuming that the causes of divorce are stated

in the bill before us with sufficient particularity, still the fact remains that the affidavit is substantially defective, and the question is whether the Court below could take jurisdiction of a divorce bill not verified by the statutory affidavit. We think it could not.

The peace and happiness of society largely depend upon maintaining the marriage relation, and the policy of the State is to encourage and maintain that relation. For the protection of society against the manifold evils that would necessarily flow from the wanton and indiscriminate severing of that relation, the Legislature has declared that divorces shall not be granted, except for certain causes, which are distinctly set out in the statute; and has prescribed what allegations shall be made in the bill or petition for divorce, and how the bill or petition shall be verified. All of these requirements of the statute are for the benefit of society, and not for the benefit of the parties. They are intended to guard against the bad faith and collusion of the parties. The application must show a clean and meritorious case under the statute before the Court can take jurisdiction of the cause. The statutory affidavit is an essential part of the application, and without it there is no jurisdiction.

The affidavit in this case is fatally defective in substance, as already shown. The result is that the decree of the Chancellor is reversed, and the bill dismissed, with costs.