1. PLEADING—VERIFICATION—AFFIDAVIT MADE WITHOUT STATE.
   A petition is not properly verified where the venue of the verification is laid in New York, and the seal of the officer administering the oath shows that he is a justice of the peace in Pennsylvania, but there is no certificate attached to the verification showing the authority of the officer to administer oaths.

2. SAME—AMENDMENT.
   The requirement that the authority of an officer without the state before whom a petition was verified shall appear is jurisdictional, and therefore such authority cannot be supplied by an amendment of the verification.

Petition by B. D. Hotchkiss for the sale of the real property of George W. Rockwell, deceased, for the payment of decedent's debts. Denied.

Bullymore, Magavern & Crosser, for petitioner.

Sprague, Moot, Sprague & Brownell, appearing specially as attorneys for Pauline M. Rockwell, for the purpose of presenting preliminary objections, only.

MARCUS, S. This is a proceeding to dispose of the decedent's real property to pay debts and funeral expenses. A preliminary objection has been filed to the petition, setting forth that the same is null and void because of not being verified as required by law, the venue of the verification reading, "State of New York, County of Erie, City of Buffalo, ss.," whereas the oath was taken in the state of Pennsylvania, county of Crawford, town of Centreville, before one T. J. Patton, a justice of the peace in and for said last-named state, county, and town. The jurat attached to the verification contained the words: "Commissioner of deeds in and for the city of Buffalo, N. Y., and notary public in and for Erie county, New York." Furthermore, no certificate was attached to the verification, as required by law, to show that the oath was administered by an officer duly authorized, and within his jurisdiction. It seems that there is no dispute but that the oath was regularly and duly administered, the only defects consisting in the failure to correctly recite the facts in the verification and to attach a certificate showing the authority of the justice of the peace to take the affidavit. The signature of the officer taking the oath was accompanied by his seal of office, containing the words: "T. J. Patton, Justice of the peace, Centreville, Crawford County, Pennsylvania." The petitioner asks the court to exercise its discretion by allowing an amendment nunc pro tunc supplying the defects and inaccuracies of the verification upon their filing the necessary proof therefor. It is claimed, on the other hand, that the petition is fatally defective, and that, even if the affidavit of verification had the proper venue, and Patton had subscribed himself with his proper title, the petition would still have been improperly verified, because there was no certificate of a clerk of a court of record annexed to said petition certifying that Patton is a justice of the peace, and authorized to administer oaths, etc.; that the defect in the petition being a jurisdictional one, the court cannot acquire jurisdiction unless a proper petition is before it; and that the defect cannot be cured by amendment, because, if the court has no jurisdiction, it cannot acquire jurisdiction by means of an amendment. In this connection it is to be noted that since the filing of the defective petition the three years within which this proceeding can be instituted have elapsed.

I have concluded to sustain the objections on the following grounds: (1) That the petition is not duly verified; (2) that this court has no power to allow the amendment asked nunc pro tunc in this proceeding.

Objection sustained.