### JOHNSON v. MOONEY et al. (No. 784.)

(Court of Civil Appeals of Texas. Beaumont. May 1, 1922.)

**1. Judges ⚖=11—Petition for removal of county judge in name of petitioners individually, and not of state, held insufficient.**

Under Vernon's Sayles' Ann. Civ. St. 1914, arts. 6030, 6042, providing for removal of county judge from office in proceedings "conducted in the name of 'the state of Texas,' upon the relation of the person filing the petition," petition reading "Comes now" named persons "all resident citizens of Tyler county, Texas, * * * and complaining of W., County Judge of Tyler County * * * and for cause of complaint respectfully represent," etc., *held* insufficient, though indorsed "the State of Texas ex rel. J. et al. v. W.," the petition, notwithstanding such indorsement, being the petition of the petitioners individually and the proceeding therefor not being one conducted in the name of the state, as required by the statute.

**2. Judges ⚖=11—Verification to petition for removal of county judge on information and belief, held insufficient.**

Under Vernon's Sayles' Ann. Civ. St. 1914, art. 6042, requiring petition for removal of county judge to be "sworn to," verification that statements in petition "are true, except those made from information and belief, and those I verily believe to be true," *held* insufficient.

**3. Pleading ⚖=252(2)—Original petition passes out of case on filing of amended petition as substitute therefor.**

When an amended petition was filed and substituted for the original, the original passed out of the case.

**4. Pleading ⚖=290(5)—Where statute requires pleading to be sworn to, amendment which becomes substitute for original must also be sworn to.**

Where a statute requires a pleading to be sworn to, an amendment which becomes a substitute for the original must also be sworn to.

**5. Pleading ⚖=290(1)—Proceeding invalid where petition is not verified as required by statute.**

When the institution of proceedings is by petition, and it is necessary that the petition should be verified on oath, such requirement must be complied with or the proceeding will be deemed invalid.*

**6. Judges ⚖=11—Statute requiring petition for removal of county judge to be verified, strictly construed.**

Vernon's Sayles' Ann. Civ. St. 1914, art. 6042, requiring petition for removal of county judge to be verified on oath will be strictly construed.

**7. Judges ⚖=11—Unverified petition for removal of county judge held not to give court jurisdiction.**

Petition for removal of county judge, under Vernon's Sayles' Ann. Civ. St. 1914, art. 6042, *held* not to give court jurisdiction, where not verified as required by such statute, the statute being mandatory and the affidavit required to be made being a matter of substance.

Appeal from District Court, Tyler County; D. F. Singleton, Judge.

Suit by J. A. Mooney and others against W. A. Johnson, to remove defendant from office as county judge. Judgment removing defendant from office, and he appeals. Reversed and dismissed.

Collins, Morris & Barnes, of Beaumont, for appellant.

J. A. Mooney and Tom F. Coleman, both of Woodville, for appellees.

O'QUINN, J. This suit was brought by J. A. Mooney and others against W. A. Johnson, as county judge, and A. W. Williford and W. H. Boyd, as commissioners of Tyler county, Tex., for the purpose of removing them from office.

The original petition was presented to Hon. D. F. Singleton, judge of the district court of said Tyler county, Tex., in chambers, on May 23, 1921, who indorsed his order thereon, granting relators permission to file same, and ordering that citation issue to respondents, and also ordering that each of said respondents be suspended from office until the further orders of the court.

The petition was filed May 26, 1921, and respondents cited to appear. Pending trial of the issues, respondents Williford and Boyd resigned as commissioners, and the case proceeded to trial as to W. A. Johnson. The jury returned a verdict finding all the charges to be true, upon which judgment was ren-

---

dered removing said respondent from office, from which judgment he has appealed.

The record in this case is voluminous. Appellant's brief alone contains 240 pages of typewritten matter, raising 72 different propositions, but, in view of our disposition of the case, we do not deem it necessary to set out at length the pleadings or the evidence, or to discuss the various propositions advanced by appellant.

This suit is brought under the provisions of chapter 2, title 98, Vernon's Sayles' Civil Statutes, art. 6042 of which reads as follows:

"The petition shall be addressed to the district judge of the court in which it is filed, and shall set forth in plain and intelligible words the cause or causes alleged as the grounds of removal, giving in each instance, with as much certainty as the nature of the case will admit of, the time and place of the occurrence of the alleged acts; the petition shall, in every instance, be sworn to at or before the filing of the same, by at least one of the parties filing the same, and the proceedings shall be conducted in the name of 'the state of Texas,' upon the relation of the person filing the same."

[1] The case will have to be reversed and dismissed because same is improperly brought. Article 6042, supra, provides that—

"the proceedings shall be conducted in the name of 'the state of Texas,' upon the relation of the person filing the same."

This was not done. The original petition begins:

"Comes now J. A. Mooney, Marion Phillips, C. C. Hicks, Sam Gregory, Ed Hudiberg, Lee Hanks, and J. S. Jackson, all resident citizens of Tyler county, Texas, hereinafter called relators, and who complain of W. A. Johnson, county judge of Tyler county, A. W. Williford, county commissioner of precinct No. 1, Tyler county, and W. H. Boyd, county commissioner of precinct No. 2, Tyler county, and for cause of complaint respectfully relate. * * *"

This was indorsed:

"No. 3786. State of Texas. J. A. Mooney et al. v. W. A. Johnson et al. Dist. Court, Tyler County, Special Term, June, 1921. Petition for Removal. Filed 26th day of May, 1921. Hill C. Durham, District Clerk, Tyler County, Texas."

On August 13, 1921, relators filed their amended original petition "in lieu of and to take the place of" their original petition. It was styled and began:

"State of Texas. J. A. Mooney et al. v. W. A. Johnson et al. In District Court, Tyler County, Texas. August Term, A. D. 1921. Come now, J. A. Mooney, Marion Phillips, C. C. Hicks, Sam Gregory, Ed Hudiberg, Lee Hanks and J. S. Jackson, all resident citizens of Tyler county, Texas, and leave of the court having been obtained file this their first amended original petition in lieu and to take the place of the original petition heretofore filed

herein, and complaining of W. A. Johnson, county judge of Tyler county, A. W. Williford, county commissioner of precinct No. 1 of Tyler county, and W. H. Boyd, commissioner of precinct No. 2, Tyler county, and for cause of complaint respectfully represent. * * *"

This was indorsed:

"No. 3786. The State of Texas ex rel. J. A. Mooney et al.' v. W. A. Johnson. Relators' First Amended Original Petition. Filed 13th day of August, 1921. Hill C. Durham, District Clerk, Tyler County, Texas."

It will be observed that neither the original petition nor the amended petition discloses that the state of Texas is suing respondents by and through the named relators, but, to the contrary, shows that the suit is brought in the individual capacity of relators. While it is true that the indorsement on the pleadings mentioned joins the words "state of Texas" with the relators as plaintiff, still, even of the indorsement can be considered sufficient as such, it not appearing anywhere in the petitions, or either of them, that the state of Texas was complaining of respondents by and through the named relators, it would not meet the mandatory requirements of the law that the proceedings shall be conducted in the name of the state of Texas, for the indorsement on a petition is no portion of the petition itself, especially the charging part. This character of suit can only be brought by the state— individuals have no cause of action. Articles 6030 and 6042, R. S.; Engleman Land Co. v. Donna Irrigation District (Tex. Civ. App.) 209 S. W. 428. So, it not appearing that the petition was in behalf of the state of Texas, on the relation of the parties named, it states no cause of action.

Actions of this character do not stand on the same plane as ordinary suits, such as suits between individuals contesting property rights, but it is one in which society is interested. By law, the state is made the plaintiff. All of the requirements of the statute for such proceedings are intended for the benefit of society, rather than for the parties at interest. On the one hand they protect the public against unfaithful and incompetent public officials, and, on the other, they are intended to guard against bad faith and to prevent petty political and factional quarrels from interfering with the discharge of official duty, and to minimize harassment in public office.

[2] Furthermore, in proceedings for the removal of officers, a proper petition, verified as required by law, is a prerequisite to the jurisdiction of the court. Removal proceedings cannot be initiated upon a petition which lacks legal verification. Article 6042, R. S. The original petition was sworn to by relator J. A. Mooney, as follows:

"The above and foregoing petition has been read by me, and the statements therein are

true, except those made from information and belief, and those I verily believe to be true."

On August 13, 1921, relators filed their amended original petition "in lieu of and to take the place of" their original petition, which said amended petition was not sworn to, and upon which the case went to trial. That the original petition was not verified as required by law, we think can hardly be questioned. The said petition does not disclose what allegations are made on knowledge, or which on information, or which on belief. It is believed that it cannot be seriously contended that the affidavit was sufficient. We take it that a party who seeks to oust from office one who has been legally elected by the voters should do so upon unqualified allegations of facts, and not upon averments of hearsay and belief. Ewing v. Duncan, 81 Tex. 237, 16 S. W. 1000; Pullen v. Baker, 41 Tex. 419; Moss v. Whitson (Tex. Civ. App.) 130 S. W. 1034; Smith v. Banks (Tex. Civ. App.) 152 S. W. 449; Lane v. Jones (Tex. Civ. App.) 167 S. W. 177.

In Smith v. Banks, supra, Chief Justice Fly, in discussing the sufficiency of an affidavit for injunction, says:

"The application for injunction is verified by the following affidavit: 'Oswald Herrmann, one of the defendants, being by me duly sworn, on oath deposes and says that the facts set out in the foregoing answer are true, to the best of his knowledge, information, or belief.' There are no allegations in the application indicating what statements are made on knowledge, what on information, or what on belief, and one of the exceptions to the application is based on that defect. The law provides that no injunction shall be granted unless the applicant shall present his petition to the judge, verified by his affidavit. Rev. Stats. 1911, art. 4649 (2992). The test of an affidavit, as laid down by the Commission of Appeals (Whitmore & Co. v. Wilson, 1 Posey, Unrep. Cas. 213), is that the affidavit of facts sworn to must be so direct and unequivocal as that an indictment for perjury would lie, if the oath is falsely made. The affidavit in this case will not meet that test, for it would be impossible to prove that any certain part of the petition was sworn to upon knowledge, information, or belief, and consequently an indictment for perjury would have nothing upon which it could be predicated, with that definiteness required in criminal proceedings."

[3, 4] Then, if the affidavit to the original petition was not sufficient, the petition stood as if unsworn, and the court, from the very start, was without jurisdiction. But, as stated above, relators filed an amended petition, which was not sworn to, upon which the case was tried. The statute, article 6042, supra, emphatically declares that the petition shall "in every instance" be sworn to. When the amended petition was filed and substituted for the original, the original passed out of the case—disappeared from the record so to speak. Where the statute requires a pleading to be sworn to, an amendment which becomes a substitute for the original must also be sworn to. Bland v. State (Tex. Civ. App.) 36 S. W. 914; Gregg v. Brower, 67 Ill. 525; McDougald v. Dougherty, 11 Ga. 570; Jennings v. McDougle, 83 W. Va. 186, 98 S. E. 162; 1 Stand. Enc. Proc. 904.

[5, 6] When the institution of proceedings is by petition, and it is necessary that same should be verified on oath, there must be a compliance with this requirement, or the proceeding will be deemed invalid. 17 Ency. Pl. & Pr. 221. In cases of this character, the rule of strict construction prevails. State v. Alcorn, 78 Tex. 389, 14 S. W. 663. In the case cited, a removal from office case, Judge Stayton says:

"The statute under consideration is one penal in character, and must be construed as though it were one defining a crime and prescribing its punishment."

[7] The affidavit required to be made and attached to the petition is a matter of substance—an essential part of the application—so much so that the court acquires no jurisdiction without it. The statute is mandatory, and the court acquired no jurisdiction of the cause, because the petition was fatally defective for want of proper verification. Article 6042, R. S.; Bland v. State (Tex. Civ. App.) 36 S. W. 914; Hinkle v. Lovelace, 204 Mo. 208, 102 S. W. 1015, 11 L. R. A. (N. S.) 730; 120 Am. St. Rep. 698, 11 Ann. Cas. 794; Nichols v. Nichols, 128 N. C. 108, 38 S. E. 296; De Armond v. De Armond, 92 Tenn. 42, 20 S. W. 442; Ayres v. Gartner, 90 Mich. 381, 51 N. W. 461; In re Rockwell's Estate, 17 Misc. Rep. 670, 41 N. Y. Supp. 431; Bullock v. Aldrich, 11 Gray (Mass.) 206.

For the reasons above given, we think respondent's general demurrer should have been sustained, and that the court erred in overruling same; but, if mistaken as to this, the above matters present fundamental error apparent upon the face of the record, for which the judgment will have to be reversed, and the case dismissed, which is accordingly done.

Reversed, and the cause dismissed.

HIGHTOWER, C. J. I agree to the disposition made of this cause by Judge O'QUINN.

WALKER, J. I doubt if the suit should be dismissed for the defects in the affidavit to the original petition, or the want of affidavit to the amended petition, but on such a defect or omission, I am of the opinion that the proper order is to reverse and remand. In all other respects I concur with Mr. Justice O'QUINN in the disposition made by him of the case.