STATE of Texas ex rel. Larry KELLY, Appellant,

v.

T. L. BAKER, Appellee.

No. 8987.

Court of Civil Appeals of Texas, Amarillo.

March 26, 1979.

Tom Curtis, Dist. Atty. (John B. Reese and Steve Schiwetz), Asst. Dist. Attys., Amarillo, for appellant.

Miller and Miller (Dee Miller), Charles L. Rittenberry, Amarillo, Haynes & Fullenweider, Houston, for appellee.

REYNOLDS, Justice.

The State of Texas appeals from a take-nothing judgment rendered on a jury verdict in its suit to remove the Sheriff of Potter County from office for official misconduct. Because the amended petition upon which the State proceeded to trial was not verified, the district court acquired no jurisdiction of the alleged cause of action. Reversed and dismissed.

The State of Texas, acting through the District Attorney of the 47th Judicial District upon the relation of Larry Kelly, instituted this action under the authority granted by Tex.Rev.Civ.Stat.Ann. arts. 5970, *et seq.* (Vernon 1962),[1] seeking to remove T. L. Baker from the office of Sheriff of Potter County for official misconduct. The petition, verified by the affidavit of Kelly, alleged three acts, two of which were alternatively pleaded, as constituting official misconduct on the part of Sheriff Baker.

Among other responses made to the petition, Sheriff Baker specially excepted to the allegations of official misconduct. The trial court sustained almost all of the special exceptions, and granted the State leave to amend.

The amended petition filed by the State pleaded the original allegations in greater detail, and set forth numerous other acts and omissions asserted to constitute gross ignorance or gross carelessness by Sheriff Baker in the discharge of his official duties. The amended petition, reciting that the suit was instituted on the relation of Larry Kelly, was not verified by the affidavit of Kelly or of any other person.

Sheriff Baker moved for dismissal of the cause on the ground that the amended petition was not sworn to as required by Article 5977 and, subject to the motion, specially excepted to the amended petition for that reason as well as for other reasons. After announcing that Kelly had indicated to an officer of the court that he had abandoned this suit, the trial judge signed orders denying the motion for judgment of dismissal, but sustaining the special exception to the petition for lack of verification, and granting the State leave to amend.

The State filed its second amended petition containing a modification of the allegations made in its first amended petition. The petition, although again reciting that the suit was instituted on the relation of Larry Kelly and incorporating an affidavit for his execution, was not sworn to by any person.

The court reversed its previous ruling that the petition was subject to a special exception for the lack of verification. The cause then proceeded to a jury trial on the State's unverified, second amended petition and an unverified supplement thereto. Ten of the jurors answered "Not True" to each of the six alleged causes of official misconduct submitted to the jury.

Accepting the verdict, the court rendered judgment that the State of Texas take nothing. The State has appealed, utilizing nineteen points of error to complain of the court's actions in the jury selection process, the conduct of the trial, its charge to the jury, and in the rendition of judgment.

At the outset and prior to reaching the State's points of error, it is necessary to consider Sheriff Baker's motion to dismiss the cause for want of jurisdiction. The thrust of the motion is that the State's unverified, amended petition did not invoke the jurisdiction of the trial court over the cause and, therefore, this court is without jurisdiction to act upon the appeal except to

---

1. All articles cited are articles of the Texas Revised Civil Statutes.

dismiss the cause as provided by Tex.R. Civ.P. 405. The motion is well-taken.

Ouster actions of this character were constitutionally conceived, Tex.Const. art. V, § 24, with the mode of trial and removal to be legislatively provided, Tex.Const. art. XV, § 7, and, conformably, the mode was provided. Article 5970, *et seq.* These actions differ from ordinary suits in that the statutory proceedings are intended for the benefit of society, rather than for the involved individuals: on the one hand, they protect the public from corrupt and incompetent public officials; and, on the other, they guard against petty political interference with the discharge of official duty and minimize harassment in public office. *Johnson v. Mooney,* 241 S.W. 308, 309 (Tex. Civ.App.—Beaumont, 1922, no writ). Harmoniously, various requirements of the ouster statutes have been subjected to the rule of strict construction, *State ex rel. Hickman v. Alcorn,* 78 Tex. 387, 14 S.W. 663, 665 (1890); *State ex rel. Edwards v. Reyna,* 160 Tex. 404, 333 S.W.2d 832, 835 (1960), which is required by the statutes themselves. *Meyer v. Tunks,* 360 S.W.2d 518, 520 (Tex.1962).

One of the statutes governing the mode of trial and removal is Article 5977 which, in part, reads:

. . . the petition shall in every instance be sworn to at or before the filing of the same by at least one of the parties filing the same . . . .

It has been uniformly held that the affidavit required by the article is an essential part of the proceedings, and without it the court acquires no jurisdiction of the cause. *Huntress v. State,* 88 S.W.2d 636, 641 (Tex. Civ.App.—San Antonio 1935, writ dism'd); *Johnson v. Mooney, supra,* at 309–10; *Bland v. State,* 36 S.W. 914 (Tex.Civ.App.1896, no writ).

Notwithstanding, the State argues that because its original petition, which was verified by the affidavit of Kelly, invoked the jurisdiction of the trial court, its amended petitions filed thereafter required no verification.[2] To the contrary, the law has been declared to be otherwise in statutory removal proceedings.

Early in Texas jurisprudence, the contention argued by the State was presented to, and rejected by, the court in *Bland v. State, supra.* There, on appeal from a judgment removing a county treasurer from office, the court said at 914:

The petition upon which the case went to trial, which was an amended petition setting out new and different grounds of removal, was not sworn to, and was specially excepted to on that ground. This exception should have been sustained. The statute emphatically declares that the petition shall, "in every instance," be verified by affidavit. It seems that the original petition had been thus verified, but when the amended petition was filed it took the place, under our system of pleading, of the original, which thence disappeared from the record. Where the statute requires a pleading to be sworn to, the amendment, which becomes a substitute for the original, comes clearly within the terms and meaning of such statute.

A similar view was expressed about the unsworn trial petition in *Johnson v. Mooney, supra,* at 310, in an appeal from a judgment removing a county judge from office. There, the trial court never acquired jurisdiction because of a defective verification of the original petition, but the court, in reversing the judgment of removal and dismissing the cause, commented on the live trial pleadings thusly:

[R]elators filed an amended petition, which was not sworn to, upon which the case was tried. The statute, article 6042, supra, [now article 5977] emphatically declares that the petition shall "in every instance" be sworn to. When the amended petition was filed and substituted for the original, the original passed out of the

---

2. Not reached for discussion is the State's connecting argument that its unverified amended petition may contain allegations of grounds for removal additional to and distinct from those contained in its original verified petition; but, in the light of the rationale of the authorities cited in the main opinion, the argument would be wholly untenable.

case—disappeared from the record so to speak. Where the statute requires a pleading to be sworn to, an amendment which becomes a substitute for the original must also be sworn to. [Citations omitted.]

\* \* \* \* \* \*

The affidavit required to be made and attached to the petition is a matter of substance—an essential part of the application—so much so that the court acquires no jurisdiction without it.

Correspondingly, where valid statutes authorized by the constitution prescribe a method of procedure for removal of county officers, the method is deemed exclusive and resort may not be had to methods not so prescribed. *State ex rel. Downs v. Harney*, 164 S.W.2d 55, 56 (Tex.Civ.App. —San Antonio 1942, writ dism'd w.o.m.). *A fortiori*, removal proceedings cannot be initiated upon a petition which lacks legal verification. *Johnson v. Mooney, supra*, at 309. Hence, Sheriff Baker's motion for dismissal of the cause for lack of verification of the State's trial pleadings should have been granted by the trial court.

Accordingly and without reaching the State's points of error, Sheriff Baker's motion to dismiss is granted. The take-nothing judgment of the trial court is reversed, and the cause is hereby dismissed. Tex.R. Civ.P. 434.