**STATE of Texas ex rel. Mike DRISCOLL, Appellant,**

**v.**

**Jon LINDSAY, Appellee.**

No. 01–94–00283–CV.

Court of Appeals of Texas,
Houston (1st Dist.).

June 8, 1994.

Rehearing Denied July 7, 1994.

Mike Driscoll, Frank Sanders, Michael P. Fleming, Sandra D. Hachem, Houston, for appellant.

Lynne Liberato, Alene Ross Levy, David H. Berg, Richard H. Kaplowitz, Houston, for appellee.

Before JOHN HILL, C.J.,[1] and BURGESS[2] and BASS,[3] JJ.

1. Sitting pursuant to TEX. GOV'T CODE ANN. § 74.-003(a) (Vernon 1988).

2. Sitting pursuant to TEX. GOV'T CODE ANN. § 74.-003(a) (Vernon 1988).

3. Sitting pursuant to TEX. GOV'T CODE ANN. § 74.-003(a) (Vernon 1988).

## OPINION

JOHN HILL, Chief Justice (Assigned).

The State of Texas ex rel. Mike Driscoll, the County Attorney of Harris County, appeals from the trial court's order dismissing the State's suit for the removal from office of Jon Lindsay, the County Judge of Harris County and the appellee in this appeal. The State urges in four points of error that the trial court erred in dismissing the State's suit for removal because there was no requirement for verification of its petition; and, if there were, any defect in the affidavit verifying its petition had been corrected by amendment; and that the trial court erred in granting Lindsay's motion for partial summary judgment relating to campaign officeholder funds because conversion of political contributions to personal use is official misconduct and grounds for removal from office.

We reverse the trial court's order dismissing this cause because we hold that the State properly corrected any defect in the verification of its petition prior to the dismissal. We further hold that we may not consider the State's points of error relating to a partial summary judgment because in the absence of the dismissal it is an interlocutory judgment that we have no authority to review.

■ The State contends in points of error numbers one and two that the trial court erred in dismissing its suit for removal of Lindsay because its petition need not have been sworn to; or, even if it did, the accompanying affidavit was properly sworn to; or, if not, the affidavit had been amended and was in proper form at the time of the dismissal.

We first address the State's argument that there is no requirement that its petition for removal be verified. Section 87.015(b) of the Texas Local Government Code provides that at least one of the parties who files a petition for the removal of an officer must swear to it at or before the filing. TEX. LOCAL GOV'T CODE ANN. § 87.015(b) (Vernon 1988). We decline to adopt the State's argument that this requirement does not apply when the petition is brought by the State's representative. We therefore conclude that the State's removal petition must be verified.

■ We next consider the State's claim that Mike Driscoll's affidavit reciting that the facts contained in the petition were true and correct "to the best of my knowledge and belief" was sufficient to support the petition and defeat Lindsay's motion to dismiss. "Unless authorized by statute, an affidavit is insufficient unless the allegations therein are direct and unequivocal and perjury can be assigned upon it." *Burke v. Satterfield,* 525 S.W.2d 950, 955 (Tex.1975). Consequently, an affidavit sworn to as "true and correct to the best of his knowledge" is insufficient because it does not "positively and unqualifiedly represent the facts as disclosed in the accounting to be true and within the personal knowledge of the affiant." *Id.* This rule is applicable in removal actions. *Johnson v. Mooney,* 241 S.W. 308, 309 (Tex.Civ.App.— Beaumont 1922, no writ). We conclude that the original affidavit was insufficient to support this removal action.

■ As we have previously noted, the affidavit has been amended to provide that Driscoll has "read the Third Amended Original Petition for Removal From Office, and it is true and correct." The State contends that any defect in the original affidavit has been cured by this amendment.

The Texas Supreme Court, in original proceedings for removal filed before it, has allowed amendment in cases where there was insufficient verification to confer jurisdiction. *In re Hampton,* 775 S.W.2d 629, 632 (Tex. 1989) (per curiam). Consequently, we conclude that the amendment of verification of the State's petition was sufficient to confer jurisdiction upon the trial court. Therefore, the trial court was in error in dismissing the State's removal action once it was amended with proper verification.

■ Lindsay urges that our reliance on presentment cases in the supreme court is misplaced because different procedural rules apply than those in removal actions. While this may be true, we hold that the case upon which we have relied does demonstrate that, contrary to Lindsay's contention, a pleading may be amended so as to confer jurisdiction upon the court even though the original

pleading was insufficient to confer jurisdiction by virtue of insufficient verification.

Lindsay primarily relies on the case of *State ex rel. Kelly v. Baker,* 580 S.W.2d 611 (Tex.Civ.App.—Amarillo 1979, no writ), in arguing that the defective verification may not be amended. In *Baker,* the court held that a removal action should have been dismissed for want of jurisdiction where, although the original petition had been verified, the amended trial petition was unverified. *Baker,* 580 S.W.2d at 614. In this case, Driscoll's third amended pleading, filed before the order dismissing the case was signed, is properly verified. Consequently, we find *Baker* to be distinguishable.

Lindsay also contends that we should not consider the State's third amended petition because it was untimely filed, having been filed after the trial court's deadline for filing petitions. As was noted by Lindsay in his argument, the trial court had specifically granted the State leave to amend, after the amendment deadline, after sustaining a special exception filed by Lindsay. The trial court considered the pleading in making its ruling regarding the motion to dismiss, and Lindsay did not move to strike it as being untimely filed. Lindsay contends that the pleading went beyond the scope of the authority to replead granted by the trial court, but he makes this argument for the first time on appeal. Although Lindsay insists that the trial court's order permitting the amendment of the State's petition was void in the absence of jurisdiction, we note that Lindsay himself relies on another pretrial order of the court in urging that the State's amendment was untimely.

Lindsay makes several arguments and cites much authority to the effect that "jurisdiction either exists or it does not"; "a court without subject matter jurisdiction cannot render a valid judgment"; "all actions taken by a court without subject matter jurisdiction are void"; and "want of subject matter jurisdiction arrests a cause at any state of the proceeding." All of these arguments have no meaning if, as we have determined, the trial court acquired jurisdiction when the State amended its petition so that it was accompanied by the proper verification. They do not

determine the issue as to whether the trial court acquired jurisdiction upon the proper filing of the amendment.

Lindsay suggests that even if the original defective affidavit might be amended so as to confer jurisdiction upon the trial court, the final affidavit filed by the State was also defective in that it did not appear to be based upon personal knowledge, especially in view of Driscoll's prior affidavit based upon knowledge and belief.

While it is true that the affidavit must be based upon personal knowledge, Lindsay does not refer us to any authority that holds that an affidavit, in order to be valid, must include an averment that it is based upon personal knowledge, nor are we aware of any. Rather, the requirement appears to be, as we have previously discussed, the affidavit is deemed invalid where it affirmatively reflects that the affidavit is not based upon personal knowledge, such as where it is based upon information and belief. We do not agree with Lindsay's conclusion that a prior affidavit based upon information and belief invalidates a subsequent affidavit that is sworn to as being true and correct, because the making of the second on personal knowledge is not necessarily inconsistent with the making of the first, as Lindsay would suggest. Rather, it might only mean that the first affidavit was prepared in the wrong form. We sustain point of error number one and overrule point of error number two.

■ Driscoll urges in points of error numbers three and four that the trial court erred by granting Lindsay's partial summary judgment relating to allegations concerning the conversion of campaign or officeholder funds to personal use. In view of our determination of points of error numbers one and two, and the resulting reinstatement of the case, the partial summary judgment becomes an interlocutory judgment that we are not authorized to review. *See Teer v. Duddlesten,* 664 S.W.2d 702, 703 (Tex.1984) (opinion on reh'g). We overrule points of error numbers three and four.

We reverse the trial court's order dismissing this cause and remand for further proceedings.