NO. 07-04-0038-CV



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL D



SEPTEMBER 9, 2004


__________________________



LEON "BUBBA" SMITH, 



 Appellant


v.



 THE STATE OF TEXAS ex rel. SONYA LETSON,


 


 Appellee

_________________________________



FROM THE 108TH DISTRICT COURT OF POTTER COUNTY;



NO. 91-322-E; HON. JACK D. YOUNG, PRESIDING


_______________________________



Memorandum Opinion


_______________________________



Before QUINN, REAVIS, and CAMPBELL, JJ.

 Leon "Bubba" Smith appeals from an order denying his plea to the jurisdiction of the
court. Before us, he asserts two reasons purportedly explaining why the decision was
wrong. We affirm the trial court's order.

 Leon "Bubba" Smith appealed, under §51.014(a)(8) of the Texas Civil Practice and
Remedies Code, contending that the trial court erred in overruling his plea to the jurisdiction
of the court. According to the record before us, the State of Texas, through Sonya Letson,
Potter County Attorney, initiated suit against Smith to remove him from office. He held, and
continues to hold, the position of Potter County Constable, Precinct 4. Smith then filed a
plea to the jurisdiction of the trial court asking it to dismiss the suit under the doctrine of
sovereign immunity. The trial court denied the plea, and Smith perfected an interlocutory
appeal from the order. He now contends that the trial court lacked jurisdiction over the
proceeding because the State failed to comply with various statutory requirements
pertaining to the removal of elected officials. We address each issue in turn.

 Failure to Obtain an Order Permitting Service of Citation

 The first issue before us involves whether statute obligated the State to obtain an
order from the district court requiring issuance of citation upon an amended petition and
service of that document upon Smith. The statute in question is §87.016 of the Texas
Local Government Code. Therein, the legislature directed that: 

 After a petition for removal is filed, the person filing the petition shall apply to
the district judge in writing for an order requiring a citation and a certified 

 copy of the petition to be served on the officer.


Tex. Loc. Gov't Code Ann. §87.016(a) (Vernon 1999). According to Smith, this provision
encompassed both original and amended petitions. And, because the State neglected to
fulfill its requirement, the trial court lacked and lacks jurisdiction to proceed. We disagree.

 The contention before us was expressly addressed and rejected in Huntress v.
State, 88 S.W.2d 636 (Tex. Civ. App.-San Antonio 1935, writ dism'd w.o.j.). Per Huntress,
removal proceedings must be conducted, to the extent possible, in accordance with the
rules of procedure and practice applicable to civil cases in general. Id. at 644-45; accord
Tex. Loc. Gov't Code Ann. §87.018(b) (Vernon 1999) (stating the same). And, since a
plaintiff generally is authorized by the rules of civil procedure to freely amend his petition,
a trial court need not require the plaintiff to obtain an order directing that citation once again
issue when he amends his petition. Huntress v. State, 88 S.W.2d at 644-45. Thus, the trial
court at bar was not obligated to dismiss the cause for want of jurisdiction because the
State did not comply with §87.016(a) when it amended its petition. (1) 

 Failure to Include the Requisite Allegations

 Next, Smith contends that the trial court lacked jurisdiction over the cause since the
allegations contained in the amended pleading were not specific enough. We disagree.

 According to statute, the petition must "set forth grounds alleged for the removal of
the officer in plain and intelligible language." Tex. Loc. Gov't Code Ann. §87.015(c)
(Vernon 1999). So too must the plaintiff "cite the time and place of the occurrence of each
act alleged as a ground for removal with as much certainty as the nature of the case
permits." Id. This wording is virtually identical to that appearing in the predecessor to
§87.015(c). See Tex. Rev. Civ. Stat. Ann.. art. 5977 (repealed by Act of May 1, 1987, 70th
Leg., R.S., ch. 149, §49(1), 1987 Tex. Gen. Laws 1306, 1307) (requiring that the petition
"set forth in plain and intelligible words, the cause or causes alleged as the grounds of
removal, giving in each instance, with as much certainty as the nature of the case will admit
of, the time and place of the occurrence of the alleged acts . . . ."). More importantly, our 
Supreme Court has construed the language as simply demanding that the petition be
"specific and certain." State ex rel. Hightower v. Smith, 671 S.W.2d 32, 34 (Tex. 1984). 
 Here, the State included a myriad of allegations purportedly justifying Smith's
removal. One involved contact between Smith and an alleged victim of a crime. With
regard to that encounter, the State alleged that the perpetrator of the crime was Smith's
brother. So too did it state that Smith 1) "approached" the victim on "July 21, 2001," 2) 
informed him that he (Smith) was a constable "investigating the matter at the behest of a
court," and 3) "suggested that the victim was lying about the incident . . . and . . . the
victim's continued participation in the case could result in detrimental legal repercussions
to the victim." This was not the only encounter between the two, according to the
allegations. On "August 8, 2001," the victim was again contacted. During this encounter,
Smith "suggested that the victim had one more chance to change his story . . . or [Smith]
could not 'protect him.'" Finally, it was alleged that "[d]espite . . . [the] veiled threats to the
victim . . . [Smith's] brother subsequently pleaded guilty in the underlying criminal action." 
Whether or not these factual contentions are true, they must be accorded a liberal
interpretation. See Roark v. Allen, 633 S.W.2d 804, 809 (Tex. 1982) (holding that the
allegations in a petition must be liberally construed). Upon applying that standard, we can
reasonably construe the claim mentioned above as an allegation that Smith tried to induce
a witness to alter or withhold potential testimony in a criminal proceeding. And, because
statute criminalizes one's effort to coerce a present or prospective witness in an official
proceeding to, among other things, testify falsely or withhold testimony or information, Tex.
Pen. Code Ann. §36.05(a) (Vernon 2003), the claim is sufficiently certain and specific to
aver a purported instance of official misconduct. See Tex. Loc. Gov't Code Ann.
§87.011(3) (Vernon 1999) (defining official misconduct as "intentional, unlawful behavior
relating to official duties by an officer entrusted with the administration of justice or the
execution of law"). And, "official misconduct" is one ground authorizing the removal of a
constable from office. See id. §87.013(a)(2) (stating that an officer may be removed for
official misconduct). Thus, the pleading requirements of §87.015(c) of the Local
Government Code were satisfied, and the trial court was not required to dismiss the suit.

 That Smith attempted to explain the legitimacy of his acts matters not. Assuming
arguendo that one must aver specific and certain grounds of misconduct to vest the trial
court with subject matter jurisdiction over the cause (as Smith posited), whether the
allegations at bar did so is generally determined from the face of the petition. City of
Lubbock v. Rule v. 68 S.W.3d 853, 857 (Tex. App.-Amarillo 2002, no writ). And, while the
trial court could have received a limited amount of evidence, it could do so only to resolve
the jurisdictional dispute, not to adjudicate the merits of the underlying cause of action. Id. 
Simply put, a plea to the jurisdiction of the court cannot be invoked as a mechanism to
address the merits of the case. Id. Moreover, Smith's efforts to justify his conduct neither
appear in the State's amended petition nor affect the question of jurisdiction. Instead, they
liken to a defense offered to negate the validity of the ground for removal. In other words,
they go to the merits of the case, not to the trial court's subject-matter jurisdiction.
Consequently, they could not be used as a way to obtain a dismissal on the basis of
jurisdiction. 

 In sum, we overrule Smith's issues and affirm the order of the trial court denying the
plea to the jurisdiction of the court.


 Brian Quinn

 Justice 
1. The authority upon which Smith relied to argue otherwise is inapposite. Both this court's decision
in State ex rel. Kelly v. Baker, 580 S.W.2d 611 (Tex. Civ. App.-Amarillo 1979, no writ) and that of the
Beaumont Court of Appeals in Johnson v. Mooney, 241 S.W. 308 (Tex. Civ. App.-Beaumont 1922, no writ)
dealt with the verification of an amended petition. Moreover, the statute in effect at the time mandated that
the petition shall "in every instance" be verified. Tex. Rev. Civ. Stat. Ann. art. 5977, repealed by Act of May
1, 1987, 70th Leg., R.S., ch. 149, §49(1), 1987 Tex. Gen. Laws 1306, 1307. That the legislature included the
phrase "in every instance" in the statute could not be ignored in Kelly and Mooney. See e.g. State ex rel Kelly
v. Baker, 580 S.W.2d at 613-14; Johnson v. Mooney, 241 S.W. at 310. Yet, such a clause is absent from
§87.016(a). Thus, a plaintiff is not directed by our legislature to apply for the order described in §87.016(a)
"in every instance" that he may file a petition after the suit has already been commenced.