NO. 07-04-0038-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL D

SEPTEMBER 9, 2004

_____

LEON "BUBBA" SMITH,

Appellant

v.

THE STATE OF TEXAS ex rel. SONYA LETSON,

Appellee

_____

FROM THE 108TH DISTRICT COURT OF POTTER COUNTY;

NO. 91-322-E; HON. JACK D. YOUNG, PRESIDING

_____

*Memorandum Opinion*

_____

Before QUINN, REAVIS, and CAMPBELL, JJ.

Leon "Bubba" Smith appeals from an order denying his plea to the jurisdiction of the court. Before us, he asserts two reasons purportedly explaining why the decision was wrong. We affirm the trial court's order.

Leon "Bubba" Smith appealed, under §51.014(a)(8) of the Texas Civil Practice and Remedies Code, contending that the trial court erred in overruling his plea to the jurisdiction of the court. According to the record before us, the State of Texas, through Sonya Letson,

Potter County Attorney, initiated suit against Smith to remove him from office. He held, and continues to hold, the position of Potter County Constable, Precinct 4. Smith then filed a plea to the jurisdiction of the trial court asking it to dismiss the suit under the doctrine of sovereign immunity. The trial court denied the plea, and Smith perfected an interlocutory appeal from the order. He now contends that the trial court lacked jurisdiction over the proceeding because the State failed to comply with various statutory requirements pertaining to the removal of elected officials. We address each issue in turn.

*Failure to Obtain an Order Permitting Service of Citation*

The first issue before us involves whether statute obligated the State to obtain an order from the district court requiring issuance of citation upon an amended petition and service of that document upon Smith. The statute in question is §87.016 of the Texas Local Government Code. Therein, the legislature directed that:

> After a petition for removal is filed, the person filing the petition shall apply to
> the district judge in writing for an order requiring a citation and a certified
> copy of the petition to be served on the officer.

TEX. LOC. GOV'T CODE ANN. §87.016(a) (Vernon 1999). According to Smith, this provision encompassed both original and amended petitions. And, because the State neglected to fulfill its requirement, the trial court lacked and lacks jurisdiction to proceed. We disagree.

The contention before us was expressly addressed and rejected in *Huntress v. State*, 88 S.W.2d 636 (Tex. Civ. App.–San Antonio 1935, writ dism'd w.o.j.). Per *Huntress*, removal proceedings must be conducted, to the extent possible, in accordance with the rules of procedure and practice applicable to civil cases in general. *Id.* at 644-45; *accord* TEX. LOC. GOV'T CODE ANN. §87.018(b) (Vernon 1999) (stating the same). And, since a plaintiff generally is authorized by the rules of civil procedure to freely amend his petition,

2

a trial court need not require the plaintiff to obtain an order directing that citation once again issue when he amends his petition. *Huntress v. State*, 88 S.W.2d at 644-45. Thus, the trial court at bar was not obligated to dismiss the cause for want of jurisdiction because the State did not comply with §87.016(a) when it amended its petition.[1]

*Failure to Include the Requisite Allegations*

Next, Smith contends that the trial court lacked jurisdiction over the cause since the allegations contained in the amended pleading were not specific enough. We disagree.

According to statute, the petition must "set forth grounds alleged for the removal of the officer in plain and intelligible language." TEX. LOC. GOV'T CODE ANN. §87.015(c) (Vernon 1999). So too must the plaintiff "cite the time and place of the occurrence of each act alleged as a ground for removal with as much certainty as the nature of the case permits." *Id.* This wording is virtually identical to that appearing in the predecessor to §87.015(c). *See* Tex. Rev. Civ. Stat. Ann.. art. 5977 (repealed by Act of May 1, 1987, 70th Leg., R.S., ch. 149, §49(1), 1987 Tex. Gen. Laws 1306, 1307) (requiring that the petition "set forth in plain and intelligible words, the cause or causes alleged as the grounds of removal, giving in each instance, with as much certainty as the nature of the case will admit of, the time and place of the occurrence of the alleged acts . . . ."). More importantly, our

---

[1]The authority upon which Smith relied to argue otherwise is inapposite. Both this court's decision in *State ex rel. Kelly v. Baker*, 580 S.W.2d 611 (Tex. Civ. App.–Amarillo 1979, no writ) and that of the Beaumont Court of Appeals in *Johnson v. Mooney*, 241 S.W. 308 (Tex. Civ. App.–Beaumont 1922, no writ) dealt with the verification of an amended petition. Moreover, the statute in effect at the time mandated that the petition shall "in every instance" be verified. TEX. REV. CIV. STAT. ANN. art. 5977, repealed by Act of May 1, 1987, 70th Leg., R.S., ch. 149, §49(1), 1987 Tex. Gen. Laws 1306, 1307. That the legislature included the phrase "in every instance" in the statute could not be ignored in *Kelly* and *Mooney*. *See e.g. State ex rel Kelly v. Baker*, 580 S.W.2d at 613-14; *Johnson v. Mooney*, 241 S.W. at 310. Yet, such a clause is absent from §87.016(a). Thus, a plaintiff is not directed by our legislature to apply for the order described in §87.016(a) "in every instance" that he may file a petition after the suit has already been commenced.

3

Supreme Court has construed the language as simply demanding that the petition be "specific and certain." *State ex rel. Hightower v. Smith*, 671 S.W.2d 32, 34 (Tex. 1984).

Here, the State included a myriad of allegations purportedly justifying Smith's removal. One involved contact between Smith and an alleged victim of a crime. With regard to that encounter, the State alleged that the perpetrator of the crime was Smith's brother. So too did it state that Smith 1) "approached" the victim on "July 21, 2001," 2) informed him that he (Smith) was a constable "investigating the matter at the behest of a court," and 3) "suggested that the victim was lying about the incident . . . and . . . the victim's continued participation in the case could result in detrimental legal repercussions to the victim." This was not the only encounter between the two, according to the allegations. On "August 8, 2001," the victim was again contacted. During this encounter, Smith "suggested that the victim had one more chance to change his story . . . or [Smith] could not 'protect him.'" Finally, it was alleged that "[d]espite . . . [the] veiled threats to the victim . . . [Smith's] brother subsequently pleaded guilty in the underlying criminal action." Whether or not these factual contentions are true, they must be accorded a liberal interpretation. *See Roark v. Allen,* 633 S.W.2d 804, 809 (Tex. 1982) (holding that the allegations in a petition must be liberally construed). Upon applying that standard, we can reasonably construe the claim mentioned above as an allegation that Smith tried to induce a witness to alter or withhold potential testimony in a criminal proceeding. And, because statute criminalizes one's effort to coerce a present or prospective witness in an official proceeding to, among other things, testify falsely or withhold testimony or information, TEX. PEN. CODE ANN. §36.05(a) (Vernon 2003), the claim is sufficiently certain and specific to aver a purported instance of official misconduct. *See* TEX. LOC. GOV'T CODE ANN.

4

§87.011(3) (Vernon 1999) (defining official misconduct as "intentional, unlawful behavior relating to official duties by an officer entrusted with the administration of justice or the execution of law"). And, "official misconduct" is one ground authorizing the removal of a constable from office. *See id.* §87.013(a)(2) (stating that an officer may be removed for official misconduct). Thus, the pleading requirements of §87.015(c) of the Local Government Code were satisfied, and the trial court was not required to dismiss the suit.

That Smith attempted to explain the legitimacy of his acts matters not. Assuming *arguendo* that one must aver specific and certain grounds of misconduct to vest the trial court with subject matter jurisdiction over the cause (as Smith posited), whether the allegations at bar did so is generally determined from the face of the petition. *City of Lubbock v. Rule v.* 68 S.W.3d 853, 857 (Tex. App.–Amarillo 2002, no writ). And, while the trial court could have received a limited amount of evidence, it could do so only to resolve the jurisdictional dispute, not to adjudicate the merits of the underlying cause of action. *Id.* Simply put, a plea to the jurisdiction of the court cannot be invoked as a mechanism to address the merits of the case. *Id.* Moreover, Smith's efforts to justify his conduct neither appear in the State's amended petition nor affect the question of jurisdiction. Instead, they liken to a defense offered to negate the validity of the ground for removal. In other words, they go to the merits of the case, not to the trial court's subject-matter jurisdiction. Consequently, they could not be used as a way to obtain a dismissal on the basis of jurisdiction.

In sum, we overrule Smith's issues and affirm the order of the trial court denying the plea to the jurisdiction of the court.

5

Brian Quinn
Justice