Wayne **HENDERSON**, Appellant,

v.

The **STATE** of Texas, Appellee.

No. 04–83–00074–CV.

Court of Appeals of Texas,
San Antonio.

March 21, 1984.

Marvin Miller, San Antonio, for appellant.

Harvey L. Hardy, San Antonio, for appellee.

Before ESQUIVEL, BUTTS and DIAL, JJ.

## OPINION

BUTTS, Justice.

This is an appeal from a judgment of forfeiture of a sum of money. The City of Castle Hills filed a notice of seizure and intended forfeiture of $903.00 pursuant to the Controlled Substances Act, TEX.REV. CIV.STAT.ANN. art. 4476–15, § 5.03(a)(6) (Vernon Supp.1984),[1] alleging an officer believed that the $903.00 was "derived from the sale, manufacture, distribution, dispensation, delivery or other undertaking violative of the Texas Controlled Substances Act." In his verified answer, defendant denied that "the money involved in this lawsuit was derived ... [from those activities]," and requested that all monies be returned to him. We reverse and render.

In the early morning hours of July 6, 1982, two Castle Hills police officers arrested appellant and Sarah Maxine Carroll at an H.E.B. supermarket for shoplifting. As a result of a search incident to the arrest, Officer Jack Nickell testified that he recovered the following from appellant: (1) $903.00 in small bills in the top pocket of defendant's tee shirt, (2) directions for the manufacture of methamphetamine, (3) notepads with numerical calculations and assorted jottings found in defendant's wallet, (4) a two-inch pocket knife. No narcotics or controlled substances were found on defendant. Nickell testified he found shoplifted groceries on top of Sarah's bag. Underneath the groceries was a leatherette folder with baggies containing a white powder, three memo pads, a black handbag containing a handgun, and some pills. In the car of the pair, Officer Nickell testified that he found an O'Haus scale, two .38 caliber "supershells," and an assortment of rifle shells. All these items were admitted into evidence, despite strenuous objections. Since neither their admissibility nor the chain of custody of some of the items is raised in this forfeiture appeal, we do not discuss these issues.

The question before the court is whether the money recovered from appellant de-

1. Sec. 5.03.
   (a) The following are subject to forfeiture as authorized by this subchapter:
   *    *    *    *    *    *
   (6) *all money,* certificates of deposit, negotiable instruments, securities, stocks, bonds, businesses or business investments, contractual rights, real estate, personal property, or other things of value *derived from the sale, manufacture, distribution, dispensation, delivery, or other commercial undertaking violative of this Act;* ... [Emphasis ours.]

rived from a violation of the Controlled Substances Act. Appellant raises insufficient evidence and no evidence points of error.

■ In deciding a no evidence point, which is a question of law, we may consider only that evidence and the reasonable inferences therefrom which, when viewed in its most favorable light, support the court finding and we must reject all evidence or reasonable inferences to the contrary. *Glover v. Texas General Indemnity Co.*, 619 S.W.2d 400, 401 (Tex.1981). After deciding a no evidence point, the court then considers the insufficient evidence point by examining all of the evidence. *Garza v. Alviar*, 395 S.W.2d 821, 823 (Tex.1965).

There is no direct evidence that the money recovered from defendant derived from the sale of methamphetamine or a violation of the Controlled Substances Act. Officer Nickell testified:

Q: Did you witness anybody sell any narcotics in your presence?

A: No sir, I did not.

Q: Did you witness any exchange of money for narcotics?

A: No, sir.

Q: Did you witness anybody taking narcotics in your presence?

A: No, sir.

\* \* \* \* \* \*

Q: You are not telling this Court you saw him make that money off the sale of dope, are you?

A: No sir, I'm not saying that.

Q: And you found this money in his top shirt pocket?

A: Yes sir.

Q: And you didn't even find any narcotics or any controlled substance with his money in his pocket, did you?

A: No, sir, I did not.

Since there is no direct evidence linking the money to the sale of controlled substances or to any other violation of the Act, the State must present sufficient circumstantial evidence to meet its burden of proof by a preponderance of evidence. TEX.REV. CIV.STAT.ANN. art. 4476–15, § 5.07(b) (Vernon Supp.1984);[2] *Freeman v. Texas Compensation Insurance Co.*, 586 S.W.2d 172, 176 (Tex.Civ.App.—Fort Worth 1979), *affirmed*, 603 S.W.2d 186 (Tex.1980); *Valles v. State*, 646 S.W.2d 636, 638 (Tex. Civ.App.—Houston [1st Dist.] 1983, no writ).

■ In reviewing the evidence under the "no evidence" standard, we find the evidence as presented, which included that at the arrest scene, fails to link the $903.00 to the sale of controlled substances or to any other violation of the Act. The day following the arrest, police searched appellant's residence in Comal County and found other illegal drug paraphernalia. On October 14, 1982, a San Antonio Police officer stopped appellant's car because the front license plate was missing. The car had been hot wired. In searching the car, Officer Duane Keith found guns, jewelry, a gun rug, and illegal drugs. At the forfeiture hearing, Officer Frank Perez testified that appellant offered to become an informer to help the police department find out about other persons involved in the sale of methamphetamines. Since appellant did not raise points of error in this forfeiture appeal objecting to the admissibility of this evidence, we do not discuss it here.

The issue in this case is not only whether appellant has violated a provision or more than one provision of the Act; the forfeiture proceeding is separate and apart from the criminal case. The issue is that the money found in appellant's pocket derived from a violation of the Act and required proof, either by direct or circumstantial evidence, of a connection or link between

**2.** Sec. 5.07.

\* \* \* \* \* \*

(b) If the owner of the property has filed a verified answer denying that the property is subject to forfeiture then the *burden is on the state to prove by a preponderance of the evi-*dence that the property is subject to forfeiture. However, if no answer has been filed by the owner of the property, the notice of seizure may be introduced into evidence and is prima facie evidence that the property is subject to forfeiture. [Emphasis ours.]

that money and the offense. A police officer witnessing a sale or delivery of controlled substances and an exchange of money is such an example. *See also Valles v. State, supra* at 638. The defendant in *Valles admitted* that he had been dealing in the sale of narcotics for many years, that he had not worked, and that he was using the money derived from the sale of narcotics to support his family. The court stated:

> Based on these admissions, and the circumstances surrounding the recovery of the heroin, the trial court, sitting as the trier of fact, could reasonably have inferred that the money had been derived from the sale of a controlled substance. *Id.*

While the circumstantial evidence in this case may make it more likely than not that defendant had been trafficking in controlled substances, on the other hand, it fails to raise even a mere surmise linking the $903.00 with a violation of the Controlled Substances Act. *Joske v. Irvine*, 91 Tex. 574, 44 S.W. 1059, 1063 (1898). We hold the State did not sustain its burden of proving by a preponderance of the evidence that the seized money was derived from the sale, manufacture, distribution, dispensation, delivery of a controlled substance, or other violation of the Act.

We reverse and render. Accordingly, the judgment of forfeiture is set aside.