**$2067 IN U.S. CURRENCY, 3 HAND-GUNS AND 51 CAPSULES,**
**Appellant,**

**v.**

**The STATE of Texas, Appellee.**

**No. 2–87–062–CV.**

Court of Appeals of Texas,
Fort Worth.

Feb. 10, 1988.

Zachry, Kearney, Hill, Beatty & Butcher, Allan K. Butcher, John Linebarger, Fort Worth, for appellant.

Tim Curry, Dist. Atty. with C. Chris Marshall, Delonia A. Watson and David Montague, Asst. Dist. Attys., Fort Worth, for appellee.

Before FENDER, C.J., and JOE SPURLOCK, II and KELTNER, JJ.

## OPINION

FENDER, Chief Justice.

This is an appeal by appellant Sheila M. Proutt from a judgment forfeiting $2067 in U.S. currency, three handguns and fifty-one capsules containing a controlled substance to the State of Texas pursuant to TEX.REV.CIV.STAT.ANN. art. 4476-15, sec. 5.03 (Vernon Supp.1988).

We reverse and remand.

On September 30, 1986, an officer from the Fort Worth Police Department was dispatched to the 5500 block of Bonnell Street to investigate a disturbance involving a supposed shooting between two females fighting over stolen property in the trunk of a vehicle. When the officer arrived he saw a person similar to the described suspect and a beat-up, gold Chevrolet Camaro similar to the vehicle that had been described by the radio dispatcher. No one out of the group of people standing nearby admitted to seeing a shooting or any disturbance.

The officer approached appellant, who fit the description of the person noted in the radio call. The officer requested identification from appellant, and appellant indicated her identification was in the trunk of a vehicle parked across the street. The officer and appellant went across the street and when appellant opened the trunk of the car the officer saw and seized a pistol. As appellant was opening her purse, the officer took the purse to search it for himself. In the purse the officer found appellant's identification and three cloth Crown Royal bags. One bag contained $1,000.00 in cash and a telephone notebook, a second contained some jewelry and the third contained fifty-one capsules. Another $1,067.00 was found in appellant's right front pocket, and two more handguns were found in the car.

The Controlled Substances Act provides the following are subject to forfeiture by the State:

[A]ll money, certificates of deposit, negotiable instruments, securities, stocks, bonds, businesses or business investments, contractual rights, real estate, personal property, or other things of value used or intended for use in violation of Section 4.052 of this Act or derived from the sale, manufacture, distribution, dispensation, delivery, or other commercial undertaking violative of this Act.

TEX.REV.CIV.STAT.ANN. art. 4476-15, sec. 5.03(a)(6) (Vernon Supp.1988). Section 4.052 provides that an offense is committed if a person knowingly or intentionally expends funds he knows are derived from the commission of an offense, or finances or invests funds he knows or believes are intended to further the commission of an offense. TEX.REV.CIV.STAT.ANN. art. 4476-15, sec. 4.052(a)(1), (2) (Vernon Supp. 1988).

Appellant's point of error one challenges the legal sufficiency of the evidence to support the forfeiture. However, in light of our discussion in point of error two that the State provides some evidence, even if

insufficient, to connect the property with the sale or delivery of a controlled substance, appellant's first point of error is overruled.

Appellant's second point of error challenges the factual sufficiency of the evidence to connect the forfeited property with the sale or delivery of controlled substance or other criminal activities. In reviewing an insufficiency of the evidence point of error, we must consider both the evidence tending to support the finding and the evidence to the contrary. *Garza v. Alviar*, 395 S.W.2d 821, 823 (Tex.1965).

The State has the burden of showing probable cause for seizing a person's property in a forfeiture proceeding. *$56,700 in U.S. Currency v. State*, 730 S.W.2d 659, 661 (Tex.1987). Probable cause in the context of forfeiture statutes is a reasonable belief that a substantial connection exists between the property to be forfeited and the criminal activity defined by the statute. *United States v. $364,960.00 in U.S. Currency*, 661 F.2d 319, 323 (5th Cir.1981).

The State's evidence in support of the proposition that the property forfeited was derived from the sale or distribution of drugs is unpersuasive. An officer testified the capsules seized were packaged as follows: 17 capsules in one plastic bag, 34 capsules in another plastic bag, two capsules in a separate bag and a bag containing empty plastic capsules. The State argues the packaging indicates they were packaged to be sold. The officer further testified that a memo pad was found in the Crown Royal bag with $1,000.00 in cash. One page of the pad was entitled "Inventory" and the letters and number "B," "G" and "½" were listed next to larger figures. Another page contained names with numbers next to each. The State argues this note pad was an inventory of appellant's drug dealings.

However, the officer admitted he never personally observed appellant in any drug transaction nor did he have personal knowledge that the money was the proceeds of a drug transaction. Neither did the State offer any evidence to establish that the

"G," "B" and "½" represented certain controlled substances. Additionally, it is just as likely that the manner in which the drugs were packaged indicates they were recently purchased rather than prepared for sale. The fact that the forfeited property was found at, or near, the controlled substance does not establish the nexus between the property and the sale or commercial distribution of a controlled substance. *See $56,700 in U.S. Currency*, 730 S.W.2d at 661; *Henderson v. State*, 669 S.W.2d 385, 387 (Tex.App.—San Antonio 1984, no writ). We hold there is insufficient evidence to support the forfeiture. Accordingly, appellant's point of error two is sustained.

Appellant's fourth point of error urges that the trial court erred in failing to suppress the evidence obtained as a result of an unconstitutional seizure. We agree.

A police officer may briefly stop a suspicious person in order to determine his identity or to maintain the status quo momentarily while attaining more information. *Gearing v. State*, 685 S.W.2d 326, 327–28 (Tex.Crim.App.1985). To justify temporary detention, the officer must have specific articulable facts which, in light of his experience and personal knowledge, along with inferences from those facts, would reasonably warrant the intrusion on the freedom of the citizen stopped for investigation. *Terry v. Ohio*, 392 U.S. 1, 21, 88 S.Ct. 1868, 1879, 20 L.Ed.2d 889, 906 (1968). A temporary detention may include a request for identification. *Adams v. Williams*, 407 U.S. 143, 92 S.Ct. 1921, 32 L.Ed.2d 612 (1972). In the course of such a temporary detention, an officer may conduct a limited search for weapons where it is reasonably warranted for his safety or the safety of others. *Ramirez v. State*, 672 S.W.2d 480, 482 (Tex.Crim.App.1984).

In the case on appeal, the specific and articulable facts upon which the officer based his temporary detention of appellant on was the information he received from the radio dispatcher. The description of appellant matched the description of one of the females involved in the shooting inci-

dent reported by the dispatcher. When the officer requested identification, appellant indicated it was in her purse which was in the trunk of the vehicle across the street. The vehicle also matched the description of the vehicle relayed to the officer by the dispatcher. Upon opening the vehicle's trunk the officer observed a handgun.

Although we can find nothing illegal per se about carrying a handgun in a vehicle's trunk, once the officer saw the gun in the trunk he was justified in taking appellant's purse to see if it contained another weapon. *See Terry,* 392 U.S. at 25, 88 S.Ct. at 1882, 20 L.Ed.2d at 908. The officer's right to look in the purse, however, was limited to the need to insure his own protection and cannot be used to justify his search of closed cloth containers within the purse. The scope of the search in this case permitted the officer only to handle the Crown Royal bags in a manner to determine whether any of the bags contained a weapon. Without first feeling the outer surface of the bags and determining a weapon was concealed within, the officer was not authorized to reach in the bag and remove the items therein. *See id.,* 392 U.S. at 30–31, 88 S.Ct. at 1884–85, 20 L.Ed.2d at 911. Thus, those items found within the Crown Royal bags were a product of an illegal search and are inadmissible evidence. Appellant's point of error four is sustained.

In view of our holding on appellant's points of error two and four, we need not consider appellant's remaining points of error. Accordingly, we reverse the judgment below and remand for a new trial.