CV4-607 



TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN







NO. 03-94-00607-CV







State of Texas, Appellant



v.



Steven Michael Liscum, Appellee







FROM THE DISTRICT COURT OF LLANO COUNTY, 33RD JUDICIAL DISTRICT


NO. 10,204, HONORABLE CLAYTON D. EVANS, JUDGE PRESIDING







PER CURIAM



 Appellant State of Texas sought forfeiture of a savings account containing
$11,172.40. Tex. Code Crim. Proc. Ann. art. 59.02 (West Supp. 1996). The trial court denied
forfeiture and awarded the account to appellee, Steven Michael Liscum. (1) The State brings two
points of error, contending that the evidence was legally and factually insufficient to support the
trial-court judgment. We will affirm the trial-court judgment.

Factual Background


 This cause was tried on stipulated facts. On January 2, 1994, agents of the 33rd
Judicial District Narcotics Enforcement Task Force executed a search and arrest warrant on
appellee's residence and found methamphetamine. The next day, agents of the same task force
executed a search and seizure warrant on a savings account of appellee located at Lake Buchanan
State Bank in account number 105006564 and seized the $11,172.40 that is the subject of this
appeal. On May 19, 1996, appellee plead guilty to possession of methamphetamine on May 19,
1994 in Cause number 4546 in the 33rd District Court of Llano County.

 Appellee had opened the savings account with $20,000 out of a $30,000 loan from
his mother. (2) The State does not allege that the money that funded the loan was in any way
connected with illegal activity. Appellee transferred $7000.00 from this savings account to
checking account number 0102010676. He later withdrew that $7,000. The methamphetamine
purchase was made out of the $7,000. The September 22, 1994 judgment denied forfeiture and
awarded the savings account to appellee. (3)

Double Jeopardy


 The State argues that the evidence is legally and factually insufficient to support
the court's award of the savings account to appellee. Appellee responds that allowing the
forfeiture would constitute double jeopardy, specifically, that it would punish appellee twice for
the same offense. We agree. See Ex parte Ariza, 913 S.W.2d 215, 223 (Tex. App.--Austin 1995,
pet. filed). (4) In Ariza, the court extensively discussed the Double Jeopardy clause and this opinion
will not repeat that discussion. The court, after reviewing the history of the Texas forfeiture
statute, its innocent owner defense, and its lack of any formula to correlate the value of the
forfeited property with the government's damages, (5) concluded that the Texas statute does not
serve the wholly remedial purpose of compensating the government but serves at least in part to
punish the owner of the forfeited property. (6) Id. Ariza barred a prosecution that occurred
subsequent to the forfeiture on the basis that the forfeiture had already punished the defendant. 
Id.

 In this cause, the State has already punished appellee by his conviction and cannot
punish him a second time by forfeiture. Even if Ariza did not bar the forfeiture, we would
nevertheless overrule appellant's points of error and affirm the trial-court judgment based on the
sufficiency of the evidence.

Legal and Factual Insufficiency


Standard of Review

 When attacking the legal sufficiency of an adverse finding on which it had the
burden of proof, the appellant must, as a matter of law, demonstrate two things. Victoria Bank
& Trust Co. v. Brady, 811 S.W.2d 931, 940 (Tex. 1991). First, the reviewing court examines
the record for evidence that supports the finding, while ignoring all evidence to the contrary. 
Second, if there is no evidence to support the fact-finder's answer, then the entire record must be
examined to see if the contrary proposition is established as a matter of law. Id.; Sterner v.
Marathon Oil Co., 767 S.W.2d 686, 690 (Tex. 1989).

 When reviewing a verdict to determine the factual sufficiency of the evidence, the
court of appeals must consider and weigh all the evidence, and should set aside the verdict only
if it is contrary to the overwhelming weight of the evidence as to be clearly wrong and unjust. 
Cain v. Bain, 709 S.W.2d 175 (Tex 1986); In re King's Estate, 244 S.W.2d 660 (Tex. 1957).



Forfeiture Actions

 In a forfeiture action, the State must prove its case by a preponderance of the
evidence. The State must do more than raise a mere surmise or suspicion concerning the source
or intended use of the money. Valles v. State, 646 S.W.2d 636, 638 (Tex. App.--Houston [1st
Dist.] 1983, no writ). If there is no direct evidence linking the money to possessing a controlled
substance the State must produce sufficient circumstantial evidence to meet its burden of proof. 
See Id.; One 1984 Ford v. State, 698 S.W.2d 279, 285 (Tex. App.--Fort Worth 1985, no writ). 
The State must prove that, considering all the evidence, it was more reasonably probable than not
that the seized property was either intended for use in or derived from a violation of one of the
offenses enumerated in the forfeiture statute. $22,922.00 v. State, 853 S.W.2d 99, 101 (Tex.
App.--Houston [14th Dist.] 1993, writ denied).

 Money may be forfeited if it is derived from manufacturing, delivering, selling, or
possessing a controlled substance. Tex. Code Crim. Proc. Ann. art. 59.01(2)(a); State v.
$11,014.00, 820 S.W.2d 783, 784 (Tex. 1991). In a forfeiture proceeding the State must show
that a substantial connection exists between the property to be forfeited and the criminal activity
prohibited by the statute. Id. 

 The cause was tried on stipulated facts. The State did not claim that appellee
engaged in criminal activity other than buying and possessing the particular methamphetamine
seized from the premises. The State stipulated that the methamphetamine was purchased out of
the money that appellee had withdrawn from his checking account, a separate account from the
savings account. Appellant has shown the source of the funds in the savings account. Cf. Antrim
v. State, 868 S.W.2d 809, 813 (Tex. App.--Austin 1993, no writ) (appellant provided no credible
explanation for possession of $325,000 in cash). The State does not claim that the original money
placed in the savings account was in any way tainted. The State stipulated that appellee's mother
"called the loan" and demanded re-payment of any amounts remaining in the savings account at
the time appellee was released on bail, but that the State had already seized the account.

 The State has failed to show a substantial connection between the amount remaining
in the savings account and the criminal activity on which the forfeiture is based. The evidence
is sufficient to support the judgment. We overrule points of error one and two.

 We affirm the trial-court judgment.


Before Chief Justice Carroll, Justices Jones and B. A. Smith

Affirmed

Filed: June 12, 1996

Do Not Publish
1. Fern Liscum intervened at the trial court, advancing the theory that a constructive trust
or a resulting trust in her favor had been imposed on the money in the savings account as the
proceeds of a loan that she made to appellee. The court denied her claim to the money. She
did not perfect an appeal from the adverse ruling. She is, therefore, only a party to the
judgment. See Tex. R. App. P. 91.
2. The unsecured loan, whose purpose was for appellee to start a computer business, was
evidenced by a promissory note.
3. Appellee did not appeal that portion of the judgment that awarded to the State
$1,386.00 and other personal property seized from his residence along with the
methamphetamine. The State did not appeal that portion of the judgment that awarded two
vehicles to appellee.
4. At the time the parties filed briefs in this cause and the cause was submitted, this Court
had not yet handed down its opinion in Ariza.
5. See Montana Dep't of Rev. v. Kurth Ranch, 128 L. Ed. 2d 767, 781 (1994) (tax imposed
on possession of drugs constitutes punishment because it is a fixed penalty that does not attempt
to approximate the government's damages).
6. Austin v. United States, 125 L. Ed. 2d 488, 498 (1993).



.W.2d 660 (Tex. 1957).



Forfeiture Actions

 In a forfeiture action, the State must prove its case by a preponderance of the
evidence. The State must do more than raise a mere surmise or suspicion concerning the source
or intended use of the money. Valles v. State, 646 S.W.2d 636, 638 (Tex. App.--Houston [1st
Dist.] 1983, no writ). If there is no direct evidence linking the money to possessing a controlled
substance the State must produce sufficient circumstantial evidence to meet its burden of proof. 
See Id.; One 1984 Ford v. State, 698 S.W.2d 279, 285 (Tex. App.--Fort Worth 1985, no writ). 
The State must prove that, considering all the evidence, it was more reasonably probable than not
that the seized property was either intended for use in or derived from a violation of one of the
offenses enumerated in the forfeiture statute. $22,922.00 v. State, 853 S.W.2d 99, 101 (Tex.
App.--Houston [14th Dist.] 1993, writ denied).

 Money may be forfeited if it is derived from manufacturing, delivering, selling, or
possessing a controlled substance. Tex. Code Crim. Proc. Ann. art. 59.01(2)(a); State v.
$11,014.00, 820 S.W.2d 783, 784 (Tex. 1991). In a forfeiture proceeding the State must show
that a substantial connection exists between the property to be forfeited and the criminal activity
prohibited by the statute. Id. 

 The cause was tried on stipulated facts. The State did not claim that appellee
engaged in criminal activity other than buying and possessing the particular methamphetamine
seized from the premises. The State stipulated that the methamphetamine was purchased out of
the money that appellee had withdrawn from his checking account, a separate account from the
savings account. Appellant has shown the source of the funds in the savings account. Cf. Antrim
v. State, 868 S.W.2d 809, 813 (Tex. App.--Austin 1993, no writ) (appellant provided no credible
explanation for possession of $325,000 in cash). The State does not claim that the original money
placed in the savings account was in any way tainted. The State stipulated that appellee's mother
"called the loan" and demanded re-payment of any amounts remaining in the savings account at
the time appellee was released on bail, but that the State had already seized the account.

 The State has failed to show a substantial connection between the amount remaining
in the savings account and the criminal activity on which the forfeiture is based. The evidence
is sufficient to support the judgment. We overrule points of error one and two.