# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-12-00325-CV

**$485.00 in U.S. Currency, Appellant**

**v.**

**The State of Texas, Appellee**

### FROM THE DISTRICT COURT OF BELL COUNTY, 146TH JUDICIAL DISTRICT
### NO. 232870, HONORABLE RICK MORRIS, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

Archie Terrell Scaife appeals the trial court's judgment forfeiting the sum of $485 in cash and 3.9 grams of crack cocaine to the State of Texas pursuant to article 59.02 of the Code of Criminal Procedure. *See* Tex. Code Crim. Proc. art. 59.02. For the following reasons, we affirm the trial court's judgment regarding the cocaine and reverse and render regarding the cash.

Scaife asserts that the trial court erred in ordering the forfeiture because the State did not meet its burden to prove by a preponderance of the evidence that the seized property was contraband and, therefore, subject to forfeiture. *See id.* arts. 59.02(a), .03(a)-(b), .05(b); *State v. Ninety Thousand Two Hundred Thirty-Five Dollars & No Cents in U.S. Currency ($90,235)*, 390 S.W.3d 289, 293 (Tex. 2013). "Contraband" is property of any nature used in the commission of various enumerated crimes, including any felony under chapter 481 of the Texas Health and Safety Code (the Texas Controlled Substances Act). Tex. Code Crim. Proc. art. 59.01. Besides

proving that the property is subject to forfeiture, the State must also establish that its seizure was justified by probable cause. *See State v. $11,014.00*, 820 S.W.2d 783, 784 (Tex. 1991). Probable cause in a forfeiture proceeding is "a reasonable belief that a 'substantial connection exists between the property to be forfeited and the criminal activity defined in the statute.'" *Fifty-Six Thousand Seven Hundred Dollars in U.S. Currency v. State*, 730 S.W.2d 659, 661 (Tex. 1987) (quoting *United States v. Three Hundred Sixty Four Thousand Nine Hundred Sixty Dollars in U.S. Currency*, 661 F.2d 319, 323 (5th Cir. 1981)).

It is clear that the 3.9 grams of cocaine is contraband. *See* Tex. Health & Safety Code §§ 481.102 (cocaine is among controlled substances comprising Penalty Group 1), .115(a), (c) (person commits third-degree felony if he knowingly or intentionally possesses controlled substance listed in Penalty Group 1 in amount between one and four grams); Tex. Code Crim. Proc. art. 59.01 (contraband includes any property used in commission of any felony under chapter 481 of Controlled Substances Act). The fact that Scaife was in possession of a controlled substance is supported by the seizing officer's affidavit, which avers that the officer "seized" the cocaine "from the suspect, [Scaife]." Moreover, the Controlled Substances Act provides that the State may seize and "summarily forfeit"—that is, without the necessity of any court action, court order, or further proceedings—*any* controlled substance. Tex. Health & Safety Code §§ 481.151, .153(a) (controlled substance that is possessed in violation of chapter 481 is subject to seizure and summary forfeiture to State). Accordingly, we affirm the district court's forfeiture judgment with respect to the cocaine.

However, we agree with Scaife that there was legally insufficient evidence before the trial court to support forfeiture of the cash. Evidence is legally insufficient when (a) there is a

2

complete absence of evidence of a vital fact, (b) the court is barred by rules of law or of evidence from giving weight to the only evidence offered to prove a vital fact, (c) the evidence offered to prove a vital fact is not more than a mere scintilla, or (d) the evidence conclusively establishes the opposite of the vital fact. *City of Keller v. Wilson*, 168 S.W.3d 802, 810 (Tex. 2005). The State had the burden of proving by a preponderance of the evidence that the $485 was used in the commission of a felony, was the proceeds gained from the commission of a felony, or was acquired with such proceeds. *See* Tex. Code Crim. Proc. art. 59.01.

The only evidence in the record supporting a finding that the cash was contraband is the affidavit of Officer Ronnie Supak with the Killeen Police Department. The entirety of the relevant portion of Officer Supak's affidavit reads:

> I have knowledge of the facts asserted below as a result of the execution of a search warrant that was served on October 30, 2008, at 1012 Wells Circle, Apartment 5, in Killeen, Bell County, Texas.
>
> On October 30, 2008, I seized the cash sum of $485.00 and approximately 3.9 grams Cocaine from the suspect, ARCHIE TERREL [sic] SCAIFE.
>
> Your affiant believes this property, further described in attachment "A" is contraband as defined in Chapter 59 of the Texas Code of Criminal Procedure.

The affidavit contains no further facts supporting Officer Supak's "belief" that the cash was contraband, for example evidence supporting the issuance of the search warrant, and the appellate record does not contain any evidence from the criminal proceedings brought against Scaife, who is currently incarcerated and did not attend the forfeiture hearing. Neither Officer Supak nor any other witness testified at the forfeiture hearing. The only evidence that the State presented to the trial court to support its forfeiture petition was Officer Supak's affidavit.

3

We hold that Officer Supak's affidavit constitutes insufficient evidence to support the order of forfeiture because it (1) does not represent that the facts disclosed therein are true, (2) is based on Officer Supak's "belief" rather than his personal knowledge, and (3) relies on the legal conclusion, unsupported by any stated factual basis, that the cash is "contraband." Affidavits that do not aver that the facts contained therein are true or that are based on one's "belief," rather than personal knowledge, are defective and legally insufficient. *See Brownlee v. Brownlee*, 665 S.W.2d 111, 112 (Tex. 1984) (affidavit that does not positively and unqualifiedly represent that facts disclosed are true and within affiant's personal knowledge are legally insufficient); *State ex rel. Driscoll v. Lindsay*, 877 S.W.2d 856, 857 (Tex. App.—Houston [1st Dist.] 1994, writ denied) (affidavit reciting that facts therein were true and correct to "best of knowledge and belief" was insufficient); *see also Ryland Grp., Inc. v. Hood*, 924 S.W.2d 120, 122 (Tex. 1996) (per curiam) (interested witness's affidavit that recites affiant "believes" certain facts to be true will not support summary judgment because such language does not positively and unqualifiedly represent "facts" disclosed are true).

Furthermore, affidavits must set forth facts, not legal conclusions, *see Watkins v. Hammerman & Gainer*, 814 S.W.2d 867, 870 (Tex. App.—Austin 1991, no writ), and legal conclusions do not constitute probative evidence, *see University of Tex. v. Poindexter*, 306 S.W.3d 798, 810 (Tex. App.—Austin 2009, no pet.); *see also Anderson v. Snider*, 808 S.W.2d 54, 55 (Tex.1991) (legal conclusions are insufficient to raise material fact issues). Officer Supak's statement that he "believes [the cash] is contraband" is an unsupported conclusion because his affidavit does not recite *any* facts from which the court could have found that the $485 was indeed contraband.

4

Moreover, even if Officer Supak's affidavit were valid and not improperly conclusory, the fact that the cash and cocaine were found somewhere (unidentified) on Scaife's person is not, on its own, sufficient circumstantial evidence to support a nexus between the cash and an offense enumerated in the Controlled Substances Act. *See $2067 in U.S. Currency, 3 Handguns & 51 Capsules v. State*, 745 S.W.2d 109, 111 (Tex. App.—Fort Worth 1988, no writ) (holding evidence insufficient to support forfeiture). "The fact that the forfeited property was found at, or near, the controlled substance does not establish the nexus between the property and the sale or commercial distribution of a controlled substance." *Id.*; *Henderson v. State*, 669 S.W.2d 385, 387-88 (Tex. App.—San Antonio 1984, no writ) (money found on appellant was insufficient on its own and required direct or circumstantial proof of link between money and offense); *see also Antrim v. State*, 868 S.W.2d 809, 812 (Tex. App.—Austin 1993, no writ) (when relying on circumstantial evidence to prove link to offense, State must offer proof that does more than raise mere surmise or suspicion regarding source of money). We hold that the State did not sustain its burden of proving by a preponderance of the evidence that the seized cash was used in the commission of a felony, was the proceeds gained from the commission of a felony, or was acquired with such proceeds and was therefore contraband and subject to forfeiture.[1]  *See* Tex. Code Crim. Proc. art. 59.01.  Therefore, the judgment forfeiting the $485 cannot stand.  *See Fifty-Six Thousand Seven Hundred Dollars*

---

[1] The legal insufficiency of the evidence supporting the State's burden to prove the $485 was contraband is error "apparent on the face of the record," so even if this were a restricted appeal, as the State alleges, the error would nonetheless require reversal.  *See Norman Commc'ns v. Texas Eastman Co.*, 955 S.W.2d 269, 270 (Tex. 1997) (per curiam) (review of face of record in restricted appeal affords appellant same scope of review as ordinary appeal and necessarily includes review of legal- and factual-sufficiency claims); *see also* Tex. R. App. P. 26.1(c), 30.  Accordingly, we need not address the State's arguments that Scaife's notice of appeal was untimely filed.

*in U.S. Currency v. State*, 730 S.W.2d 659, 662 (Tex. 1987) (holding required nexus between currency and enumerated offense was lacking and there was no more than scintilla of evidence to support forfeiture).

Nonetheless, the State argues that the judgment must stand because Scaife's failure to appear at the hearing permitted the rendition of a "no-answer" default judgment, which means that by virtue of Scaife's default he had admitted the State's allegations. *See Stoner v. Thompson*, 578 S.W.2d 679, 684 (Tex. 1979). However, the record reveals that Scaife pro se filed two handwritten documents with the district court that either individually or collectively constituted an "answer" as required by the rules of civil procedure (although neither document bore the title "answer"). *See Hughes v. Habitat Apartments*, 860 S.W.2d 872, 872 (Tex. 1993) (per curiam) (defendant who failed to file answer but filed pauper's affidavit that confirmed receipt of citation, identified case and parties, and provided defendant's current address had filed adequate pro se answer and was entitled to notice of hearing on motion for default judgment); *Guadalupe Econ. Servs. Corp. v. DeHoyos*, 183 S.W.3d 712, 716-17 (Tex. App.—Austin 2005, no pet.) ("answer" is construed to mean "written pleading of some character" and must contain merely sufficient information to place in issue claims made in suit); *Terehkov v. Cruz*, 648 S.W.2d 441, 442 (Tex. App.—San Antonio 1983, no writ) (signed letters to clerk timely acknowledging receipt of citation sufficed as "pro se answer" to prevent default judgment); *see also Stone v. Lawyers Title Ins. Corp.*, 554 S.W.2d 183, 186 (Tex. 1977) (pleadings should be construed so as to do substantial justice and are sufficient if they give fair and adequate notice to pleader's adversary). Furthermore, the trial court's judgment affirmatively recites that Scaife "was served with citation . . . *and filed an*

*answer* to this suit." (Emphasis added.) Accordingly, the State was not entitled to a no-answer default judgment.[2]

For the foregoing reasons, we affirm the portion of the trial court's judgment forfeiting the cocaine. We reverse the judgment forfeiting the $485 and set aside that portion of the judgment, rendering that the State take nothing on its claim to the cash.

_____

David Puryear, Justice

Before Justices Puryear, Pemberton, and Rose

Affirmed in Part; Reversed and Rendered in Part

Filed:   August 28, 2014

---

[2] To the extent that the State's true argument is that it was entitled to a *post*-answer default judgment, such judgment cannot be entered on the pleadings but must be proven with evidence, and our conclusion regarding legal sufficiency dispenses with this argument. *See Stoner v. Thompson*, 578 S.W.2d 679, 682 (Tex. 1979) (defendant's post-answer default constitutes neither abandonment of answer nor implied admission, and petitioner must offer evidence and prove case).