# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**

June 17, 2014

Lyle W. Cayce
Clerk

No. 13-50961
Summary Calendar

MARY G. RUST,

Plaintiff–Appellant,

v.

BANK OF AMERICA, N.A.,

Defendant–Appellee.

Appeal from the United States District Court
for the Western District of Texas
USDC No. 1:13-CV-78

Before WIENER, OWEN, and HAYNES, Circuit Judges.

PER CURIAM:[*]

After Bank of America, N.A. foreclosed on Mary G. Rust's home, she sued under various state laws. The district court granted summary judgment for Bank of America. We affirm.

**I**

Rust obtained a loan from Austin National Mortgage Limited (ANML) to acquire property in Austin, Texas. Rust signed a promissory note and also signed a deed of trust naming ANML as the lender, Ron Harpole as the trustee, and Mortgage Electronic Registration Systems, Inc. (MERS) as the beneficiary

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 13-50961

and nominee of ANML.  The deed of trust gave MERS the power to foreclose and sell the property.  MERS later assigned "all beneficial interest under [the] Deed of Trust . . . together with the note(s) and obligations therein described" to Bank of America.  Bank of America additionally acted as the mortgage servicer.

Beginning in early 2011, Rust failed to make her mortgage payments, and Bank of America notified Rust she was in default.  In July 2012, Bank of America's agent ReconTrust Company, N.A. informed Rust that the property would be sold at a foreclosure sale if the default was not cured.  Rust did not cure her default and the property was foreclosed in September 2012.

Several months later, Rust sued Bank of America in Texas state court, asserting various state law claims arising out of the foreclosure of the property. Bank of America removed the case to federal court on the basis of diversity jurisdiction and moved for summary judgment, which the district court granted.  Rust appealed.

## II

We first consider whether the district court erred in considering certain summary judgment evidence.  We review a district court's evidentiary rulings for abuse of discretion.[1]  Rust objects to several documents attached to Bank of America's motion for summary judgment.  She argues: (1) the affidavit of Kelly M. Thompson, an Assistant Vice President for Bank of America, was not based on personal knowledge; (2) the copy of the assignment of the deed of trust by MERS to Bank of America was not certified and Thompson's affidavit was insufficient to certify its authenticity; (3) the two copies of the note attached to Thompson's affidavit are materially different; and (4) the affidavit of Carolyn

---

[1] *United States v. Meza,* 701 F.3d 411, 425 (5th Cir. 2012).

No. 13-50961

Holleman does not rely on personal knowledge and contains legal conclusions. All of these contentions lack merit.

First, we agree with the district court that there was no reason to exclude Thompson's business records affidavit. The affidavit stated it was "based upon personal knowledge of [her] review of Bank of America's business records"; her position at Bank of America made her competent to testify regarding the Bank's relationship with Rust; and Rust produced no reason to doubt the veracity of Thompson's testimony.[2] Additionally, even if the copy of the assignment of the deed of trust was not certified, Thompson's affidavit swore that it was a true and correct copy of the assignment, so the district court did not abuse its discretion in considering it.[3] Rust's contention that there were two different copies of the note also fails. The only difference in the content of the two notes is that one includes endorsements and the other does not. The analysis of the central question in this appeal—Bank of America's authority to foreclose under the deed of trust—does not depend on whether the note was endorsed.[4] So any error in considering both notes is not reversible error.[5] Finally, as neither Bank of America nor the district court relied on Holleman's affidavit for any purpose, declining to strike it was also not reversible error.[6] Rust's evidentiary objections are therefore meritless.

---

[2] *See FDIC v. Selaiden Builders, Inc.*, 973 F.2d 1249, 1254 n.12 (5th Cir. 1992); *Resolution Trust Corp. v. Camp*, 965 F.2d 25, 29 (5th Cir. 1992).

[3] *See* FED. R. EVID. 901(b)(1).

[4] *See infra* notes 11-17 and accompanying text.

[5] *See Meza*, 701 F.3d at 425 ("[F]or any of the evidentiary rulings to be reversible error, the admission of the evidence in question must have substantially prejudiced [the defendant's] rights.") (alterations in original, internal quotation marks and citation omitted).

[6] *See id.*

No. 13-50961

### III

We next consider whether the district court erred in granting summary judgment. "We review de novo a district court's award of summary judgment, applying the same standard as the district court."[7] Summary judgment is only appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."[8]

As the district court explained and Rust acknowledges, her state law claims turn on whether Bank of America had the authority to foreclose on her property. If Bank of America's foreclosure was authorized, then her Texas Debt Collection Act claim, her Texas Deceptive Trade Practices Act claim, her fraudulent presentment claim, and her quiet title action fail.[9] Rust's briefing focuses almost entirely on this question, so that is the issue we examine first.

This court recently considered a very similar case in which the plaintiff alleged his property had been wrongfully foreclosed. In *Martins v. BAC Home Loans Servicing, L.P.*,[10] Martins refinanced a mortgage on his home through a lender and executed a security instrument naming MERS as the beneficiary and nominee for the lender.[11] MERS then assigned the security instrument to

---

[7] *Trinity Universal Ins. Co. v. Emp'rs Mut. Cas. Co.*, 592 F.3d 687, 690 (5th Cir. 2010).

[8] FED. R. CIV. P. 56(a).

[9] *See* TEX. FIN. CODE ANN. § 392.301(b)(3) (West 2013) (allowing debt collectors to exercise non-judicial contractual rights of sale); TEX. BUS. & COM. CODE ANN. § 17.50(a)(1) (West 2013) (providing a cause of action for false, misleading, or deceptive acts); TEX. CIV. PRAC. & REM. CODE ANN. § 12.002(a) (West 2013) (making a person liable for using a document with knowledge the document is a fraudulent lien or claim against real property, with intent for the document to be given the same legal effect as a court record, and intent to cause injury); *Wright v. Matthews*, 26 S.W.3d 575, 578 (Tex. App.—Beaumont 2000, pet. denied) ("The plaintiff in a suit to quiet title must allege right, title, or ownership . . . with sufficient certainty to enable the court to see he . . . has a right of ownership that will warrant judicial interference.").

[10] 722 F.3d 249 (5th Cir. 2013).

[11] *Martins*, 722 F.3d at 252.

4

BAC, BAC foreclosed on the property after Martins defaulted, and Martins brought suit claiming wrongful foreclosure.[12] Affirming summary judgment in favor of BAC, the Fifth Circuit held that "MERS and BAC did not need to possess the note to foreclose," rejecting the view "that the note and deed of trust must both be held by the foreclosing entity."[13] The court relied on the Texas Property Code, which provides that a mortgage servicer may administer a foreclosure on behalf of a mortgagee if there is an agreement granting the mortgage servicer authority to service the mortgage.[14] The Code defines a mortgagee to include "the grantee, beneficiary, owner, or holder of a security instrument" and "a book entry system" like MERS, and it defines a mortgage servicer as the "last person to whom a mortgagor has been instructed" to send mortgage payments.[15] The Code also allows a mortgagee to be its own mortgage servicer.[16] The court determined that, under the Code, BAC could foreclose, presumably as MERS's mortgage servicer or as the mortgagee after the mortgage was assigned to it by MERS. Neither MERS nor BAC would have to hold or own the note for the foreclosure to be valid.[17]

Under a straightforward application of *Martins* here, Bank of America had authority to foreclose on Rust's property without holding or owning the original note between ANML and Rust, since Bank of America was in the same position as BAC. Rust nonetheless asserts several arguments as to why *Martins* does not govern here. Rust first contends that Bank of America was a mortgagee, not a mortgage servicer. However, the two roles are not mutually

---

[12] *Id.*

[13] *Id.* at 252, 254-55.

[14] *Id.* at 255 (citing TEX. PROP. CODE ANN. § 51.0025 (West 2013)).

[15] *Id.* (quoting TEX. PROP. CODE ANN. §§ 51.0001(3)-(4) (West 2013)).

[16] *Id.* (citing TEX. PROP. CODE ANN. § 51.0001(3) (West 2013)).

[17] *Id.*

exclusive under the Property Code, and here, Bank of America served as both the mortgagee (after the deed of trust was assigned to it as a beneficiary) *and* its own mortgage servicer.[18] Indeed, Bank of America presented evidence that it was the mortgage servicer, and Rust does not cite any contrary evidence. Rust cannot distinguish *Martins* on this basis.

Rust also cites portions of the concurring opinion in *Reinagel v. Deutsche Bank National Trust Co.*[19] The language in that one-judge opinion, concurring in the majority's judgment but disagreeing with some of its reasoning, is not binding. Also, to the extent the opinion states that a party in Bank of America's position must always hold the note to foreclose,[20] it would be inconsistent with the earlier holding in *Martins*.

Rust relies on a number of other cases that did not address the question here.[21] Rust cites this court's unpublished decision in *Reeves v. Wells Fargo Home Mortgage*[22] for the proposition that a "party seeking to foreclose must have the right to enforce the debt it seeks to satisfy."[23] There, the court held

---

[18] TEX. PROP. CODE ANN. §§ 51.0001(3)-(4) (West 2013) (defining mortgagee to include beneficiaries of security instruments and allowing a mortgagee to be its own mortgage servicer).

[19] 735 F.3d 220 (2013).

[20] *See Reinagel*, 735 F.3d at 229 (Graves, J., concurring).

[21] *E.g.*, *Nueces Cnty., Tex. v. MERSCORP Holdings, Inc.*, No. 2:12-CV-131, 2013 WL 3353948, at *4-5 (S.D. Tex. July 3, 2013) (considering whether the Texas Property Code "permits MERS to designate itself as a grantee/grantor of record . . . in the real property records"); *Henning v. OneWest Bank FSB*, 405 S.W.3d 950, 958-59 (Tex. App.—Dallas 2013, no pet.) (considering wrongful foreclosure claim when bank was current holder of the note and the deed of trust, and property owner claimed there was a defect in the note's chain of title); *Robeson v. Mortg. Elec. Registration Sys., Inc.*, No. 02-10-227-CV, 2012 WL 42965, at *5-6 (Tex. App.—Ft. Worth Jan. 5, 2012, pet. denied) (considering whether there was a fact issue as to *when* the mortgagee had the authority to foreclose, given that the mortgagee was first assigned the lender's interest in both the note and the deed of trust, but later assigned MERS's interest as beneficiary in the deed of trust).

[22] 544 F. App'x 564 (5th Cir. 2013).

[23] *Reeves*, 544 F. App'x at 569 (internal citations and quotation marks omitted).

that the plaintiff failed to show a genuine issue of material fact as to whether Wells Fargo owned the note before it began foreclosure proceedings, and that the ownership of the note was sufficient to foreclose.[24] But it did not consider the situation presented here, in which the foreclosing party argues that holding the note is not necessary to foreclose.

Rust further argues that, under *Colton v. U.S. National Bank Association*,[25] the deed of trust here grants only the original lender the power to foreclose her property. In *Colton*, as here, MERS assigned its interest as nominee in a deed of trust to a bank, and the property owner, Colton, claimed that the bank did not have authority to enforce the deed of trust because it was not the holder of the original note.[26] The court explained that "although Texas law does not require a party to be a holder of a note in order to foreclose," Colton alleged that the specific language in the deed of trust did require the bank to be the holder of the note to do so.[27] Because it was considering a Rule 12(b)(6) motion to dismiss and neither party provided the deed of trust, the court accepted as true the allegations regarding the deed of trust's terms and thus declined to dismiss the claim.[28] Here, by contrast, the deed of trust was in the summary judgment record and Rust points to no provision in it that requires Bank of America to be the holder of the note to enforce the deed of trust. Rust cannot rely on *Colton* to defeat summary judgment here.

Finally, Rust contends that the foreclosure was invalid because Bank of America appointed a substitute trustee even though the deed of trust gave that

---

[24] *Id.* at 569-70.

[25] No. 3:12-CV-3584, 2013 WL 5903618 (N.D. Tex. Nov. 4, 2013).

[26] *Colton*, 2013 WL 5903618, at *1, *3-4.

[27] *Id.* at *4.

[28] *Id.*

power to the lender.  While the lender did hold that power, the Texas Property Code provides that, "[n]otwithstanding any agreement to the contrary, a mortgagee may appoint or may authorize a mortgage servicer to appoint a substitute trustee."[29]  Thus as mortgagee, Bank of America was within its power to appoint a substitute trustee.

Rust's arguments as to why Bank of America's foreclosure was invalid lack merit, and she raises no other grounds for reversing the district court's judgment, other than challenging the district court's alternative ground for granting summary judgment on her Texas Deceptive Trade Practices Act claim.  Accordingly, we affirm the district court's grant of summary judgment.

## IV

Rust, by separate motion, asks this court to take judicial notice of new evidence in assessing her claims.  As none of the evidence affects the merits of Rust's state law claims, we deny the motion.

\*    \*    \*

The judgment of the district court is AFFIRMED, and Rust's motion for judicial notice is DENIED.

---

[29] TEX. PROP. CODE ANN. § 51.0075(c) (West 2013).