# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**

August 6, 2014

Lyle W. Cayce
Clerk

No.  14-50111
Summary Calendar

PAULA PAULETTE,

Plaintiff - Appellant

v.

FIDENCIO LOZOYA; MERCEDES JUDILLA; MERSCORP HOLDINGS, INCORPORATED; MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INCORPORATED; BANK OF AMERICA, N.A.; COUNTRYWIDE HOME LOANS, INCORPORATED, doing business as America's Wholesale Lender,

Defendants - Appellees

Appeal from the United States District Court
for the Western District of Texas
U.S.D.C. No. 1:13-CV-686

Before KING, JOLLY, and HAYNES, Circuit Judges.

PER CURIAM:*

Paula Paulette appeals the district court's grant of summary judgment in favor of the Defendants - Appellees[1] in her lawsuit alleging various causes

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

[1]   Paulette does not appeal or raise an issue regarding the district court's determination that the two individual defendant appellees, Fidencio Lozoya and Mercedes

No.  14-50111

of action premised upon an alleged wrongful foreclosure of a property she owned in Georgetown, Texas ("the Property").  Her entire argument rests on the premise that *Martins v. BAC Home Loans Servicing, L.P.,* 722 F.3d 249, 256 (5th Cir. 2013) was decided incorrectly[2] and that *Martins* misstates Texas law.  Accordingly, she asks us to reverse the district court for following *Martins* and holding that Mortgage Electronic Registration Systems (MERS) had the authority to foreclose and that she could not challenge its assignment of the deed of trust to Bank of America because she lacked any evidence that the assignment was void.  In so holding, the district court noted that it was undisputed that Paulette breached her contract by failing to pay on the note and deed of trust securing the Property.  The district court also noted that her case was entirely premised on the alleged inability of MERS to assign the deed of trust securing the Property.

We conclude that we are bound by *Martins* and reject Paulette's urging to refuse to follow it.  *Jacobs v. Nat'l Drug Intelligence Ctr.*, 548 F.3d 375, 378 (5th Cir. 2008)("one panel of our court may not overturn another panel's decision").  Contrary to Paulette's argument, our unpublished decision in *Reeves v. Wells Fargo Home Mortgage*, 544 F. App'x 564 (5th Cir. 2013)

---

Judilla, as well as a third defendant not an appellee here (Stephen Porter) were fraudulently joined in the case.  We conclude that the district court properly found that they were fraudulently joined and that Paulette has failed to demonstrate any error in this ruling.  Accordingly, the court's exercise of diversity jurisdiction was proper given the disregarding of the citizenship of Porter, Lozoya, and Judilla.  Porter and his later-added law firm, Barrett Daffin Frappier Turner and Engel LLP, were later dismissed for failure to state a claim, a ruling unchallenged in the notice of appeal or briefing.  Another defendant, CoreLogic, and its employee, Diana De Avila, were named in the First Amended Complaint and never mentioned again.  We conclude that they are unserved, non-answering defendants whose lack of mention does not prevent finality of judgment such that we have appellate jurisdiction.  *Fed. Sav. & Loan Ins. Corp. v. Tullos-Pierremont*, 894 F.2d 1469, 1473 (5th Cir. 1990).

[2]  To the extent that Paulette asserts the continued viability of any causes of action on any basis other than her *Martins* argument, we conclude that any such assertion is waived by failure to brief it.  *Cinel v. Connick*, 15 F.3d 1338, 1345 (5th Cir. 1994).

No.  14-50111

(unpublished), *cert. denied*, 134 S. Ct. 2668 (2014), did not purport to overrule *Martins*.  That case dealt with third-party standing and with the authority to foreclose by one who does hold the note.  *See Rust v. Bank of Am.*, No. 13-50961, 2014 U.S. App. LEXIS 11385 *9 (5th Cir. Jun. 17, 2014)(explaining that *Reeves* "did not consider the situation presented here, in which the foreclosing party argues that holding the note is not necessary to foreclose").

We turn, then, to Paulette's other two requests for relief.  First, she asks us to seek en banc review, but she does not herself follow the procedure to seek an initial hearing en banc.  *See* Fed. R. App. Pro. 35(b)(describing procedure for an initial petition for hearing en banc).  We decline to refer this case *sua sponte* for initial en banc review, without prejudice to Paulette's right to petition for en banc rehearing upon issuance of this opinion.  *Id.*

Her third request for relief is that we certify this issue to the Texas Supreme Court.  As we noted in *Svoboda v. Bank of America*, No. 13-50818, 2014 U.S. App. LEXIS 10598 *10 (5th Cir. Jun. 6, 2014)(unpublished), we have "sufficient sources" of law to guide our ruling in this case.  *See Williamson v. Elf Aquitaine, Inc.*, 138 F.3d 546, 549 (5th Cir. 1998)(certification decision rests in part on whether there are "sufficient sources" of law upon which to draw in deciding the case).  We conclude that this case does not represent a situation necessitating certification and, thus, deny this request.  *See In re: FEMA Trailer Formaldehyde Prods. Liab. Litig.*, 668 F.3d 281, 290 (5th Cir. 2012)(certification is a discretionary decision and such discretion is to be exercised "sparingly").

AFFIRMED; REQUEST TO CERTIFY DENIED.