**Opinion issued June 9, 2016**



In The

# Court of Appeals

For The

# First District of Texas

————————————

## NO. 01-15-00373-CV

————————————

**MARY RUST, Appellant**

**V.**

**BANK OF AMERICA, N.A., Appellee**

---

**On Appeal from the County Court at Law No. 1**
**Travis County, Texas\***
**Trial Court Case No. C-1-CV-14-010108**

---

\*    The Supreme Court of Texas transferred this appeal from the Court of Appeals for the Third District of Texas. *See* Misc. Docket No. 15-9054 (Tex. Mar. 24, 2015); *see also* TEX. GOV'T CODE § 73.001. We are unaware of any conflict between precedent of the Court of Appeals for the Third District and that of this court on any relevant issue. *See* TEX. R. APP. P. 41.3.

# MEMORANDUM OPINION

After purchasing a home at a foreclosure sale, Bank of America, N.A. filed a forcible-detainer action to obtain possession of the property from its former owner, Mary Rust. The trial court rendered a judgment for the bank, awarding it possession of the house and attorney's fees. Rust contends that the judgment must be reversed for three reasons. First, she argues that the trial court erred by excluding evidence relating to the foreclosure on and title to the property. Second, she argues that the bank introduced no evidence of its right to possession other than an affidavit concerning the foreclosure process that the trial court should have excluded as legally deficient. Finally, even if the judgment in favor of the bank is otherwise affirmed, Rust contends that the trial court's award of attorney's fees must be reversed.

We affirm.

## Background

Mary Rust defaulted on her home mortgage, and the house was purchased by Bank of America, N.A. at a foreclosure sale. When Rust refused to vacate the property, the bank filed a forcible-detainer action in the Travis County justice court. Because Rust had filed a separate lawsuit disputing title to the same property in Travis County district court, the justice court abated the forcible-detainer action until the title issues were resolved by the district court.

2

Bank of America removed Rust's separate lawsuit to federal court. That court rendered a summary judgment rejecting Rust's claims regarding ostensible defects in the foreclosure process. The United States Court of Appeals for the Fifth Circuit affirmed the judgment. *Rust v. Bank of Am., N.A.*, 573 F. App'x 343 (5th Cir. 2014) (per curiam).

After Rust's separate lawsuit was resolved, this forcible-detainer action resumed. The justice court entered a judgment in favor of Bank of America, awarding it possession of the premises, and Rust appealed to the Travis County court at law, which tried the suit de novo.

At trial, the county court at law excluded a variety of evidence about title and the foreclosure process that Rust tried to introduce. Rust made offers of proof regarding the excluded evidence. The trial court also admitted an affidavit made by Carolyn Holleman, an employee of the substitute trustee under the deed of trust relating to the property, over Rust's objection that the affidavit did not show that it was based on personal knowledge. In her affidavit, Holleman attested to the regularity of the foreclosure.

The county court at law entered a judgment in which it ordered that Bank of America was entitled to possession of the home. Its judgment also awarded the bank $1,000 in attorney's fees and conditionally awarded additional fees in the event of an appeal.

Rust filed a notice of appeal to the Third Court of Appeals. Her appeal subsequently was transferred to this court.

**Analysis**

## I.     Evidentiary issues

Rust challenges several evidentiary rulings made at trial. We review a trial court's decision to admit or exclude evidence for abuse of discretion. *Scottsdale Ins. Co. v. Nat'l Emergency Servs., Inc.*, 175 S.W.3d 284, 297 (Tex. App.—Houston [1st Dist.] 2004, pet. denied); *Codner v. Arellano*, 40 S.W.3d 666, 674 (Tex. App.—Austin 2001, no pet.). A trial court abuses its discretion if it acts without reference to any guiding rules or principles. *Scottsdale Ins.*, 175 S.W.3d at 297; *Codner*, 40 S.W.3d at 674. It also does so if it fails to analyze or apply the law correctly, including constitutional law. *Walker v. Packer*, 827 S.W.2d 833, 840 (Tex. 1992).

To obtain reversal of a judgment based on the admission or exclusion of evidence, a party must show that the trial court not only erred but also that its error probably caused the rendition of an improper judgment. *Codner*, 40 S.W.3d at 674; *Owens-Corning Fiberglas Corp. v. Malone*, 916 S.W.2d 551, 557 (Tex. App.—Houston [1st Dist.] 1996), *aff'd*, 972 S.W.2d 35 (Tex. 1998). This generally requires the complaining party to show that the judgment turns on the particular evidence in question. *H2O Sols., Ltd. v. PM Realty Grp.*, 438 S.W.3d 606, 621 (Tex. App.—Houston [1st Dist.] 2014, pet. denied); *Codner*, 40 S.W.3d at 674–75.

## A.    Proof of title and foreclosure

Rust contends that the trial court erred by excluding evidence of defects in the title to the subject property and in the foreclosure process. She concedes that there is precedent supporting the exclusion of this evidence in forcible-detainer actions, but she argues that better-reasoned decisions permit this proof for the limited purpose of contesting ownership. She further argues that the exclusion of this evidence violated her constitutional right to due process and due course of law. The bank responds that proof of supposed defects relating to its title and the foreclosure by which it obtained title is inadmissible in forcible-detainer actions, and it further notes that the Fifth Circuit already rejected Rust's foreclosure- and title-related claims on the merits.

Forcible-detainer suits like this one solely concern the right to immediate possession of the subject property. *Carlson's Hill Country Beverage v. Westinghouse Rd. Joint Venture*, 957 S.W.2d 2d 951, 953 (Tex. App.—Austin 1997, no pet.); *see also Morris v. Am. Home Mortg. Servicing, Inc.*, 360 S.W.3d 32, 35 (Tex. App.—Houston [1st Dist.] 2011, no pet.). A procedural rule governing forcible-detainer suits ensures that the right of possession remains the focus by providing that the trial court "must adjudicate the right to actual possession and not title." TEX. R. CIV. P. 510.3(e). Based on this rule, the Third Court of Appeals has held that "defects in the foreclosure process or with appellee's title to the property

5

may not be considered in a forcible detainer suit." *Bierwirth v. Fed. Nat'l Mortg. Ass'n*, No. 03-13-00076-CV, 2014 WL 902541, at \*1 (Tex. App.—Austin Mar. 6, 2014, no pet.) (mem. op.); *see also Morris*, 360 S.W.3d at 36. Rust claims that this interpretation of the rule is either mistaken or unconstitutional, because it prevented her from introducing proof disputing the bank's right of possession.

Neither Rule 510.3(e) nor *Bierwirth*'s interpretation of the rule prevented Rust from litigating defects in the foreclosure process or title. The rule merely required her to raise these issues in a separate suit in a court with the jurisdiction to hear them. TEX. R. CIV. P. 510.3(e); *Jaimes v. Fed. Nat'l Mortg. Ass'n*, No. 03-13-00290-CV, 2013 WL 7809741, at \*2–3 (Tex. App.—Austin 2013, no pet.) (mem. op.) (reaffirming that "forcible detainer actions in justice court may be prosecuted concurrently with title disputes in district court"); *Morris*, 360 S.W.3d at 35 (same). Rust did so, filing a separate lawsuit in which she asserted that there were defects in the foreclosure process and Bank of America's title to the property. The bank's forcible-detainer suit was abated pending the outcome of that separate lawsuit, which was not successful. *Rust*, 573 F. App'x at 345–48. So the forcible-detainer judgment that Rust now appeals was rendered only after her foreclosure- and title-related claims already had been resolved against her.

Rust was not prevented from asserting defects in the foreclosure process or the title to the property. She did so in a separate lawsuit and lost. Rule 510.3(e)

circumscribes the scope of a forcible-detainer action to exclude adjudication of title issues, which justifies exclusion of foreclosure- and title-related proof to the extent its relevance is limited to disputing title. Rust's brief confirms that her objective in introducing the excluded evidence was to show that "Bank of America was not vested with title." That issue was not the subject of the forcible-detainer action, and the trial court had discretion to exclude it on that basis. Rust offers no authority for the proposition that her due-process rights were violated because the trial court did not permit her to relitigate that issue, which already had been decided against her in another lawsuit. Nor could she. Due process requires that Rust have her day in court, not that she have it twice over. *See Morris*, 360 S.W.3d at 35–36 (rejecting argument made by defendant in forcible-detainer action that his due process rights were violated by trial court's refusal to consider evidence about foreclosure, because "the propriety of a foreclosure cannot be considered in a forcible detainer action"); *see also Eagle Props., Ltd. v. Scharbauer*, 807 S.W.2d 714, 721 (Tex. 1990) (due process requires that litigants have their day in court as prerequisite to operation of collateral estoppel or issue preclusion). Accordingly, we hold that the trial court did not abuse its discretion by excluding title- and foreclosure-related evidence.

**B.      Carolyn Holleman's affidavit**

Rust contends that the court erred by admitting into evidence Holleman's affidavit, which attested to the regularity of the foreclosure sale. She argues that the

7

affidavit should have been excluded because it was not direct and unequivocal, it did not state that its contents were true and correct, and its representations were not based on personal knowledge. Without this affidavit, Rust contends, Bank of America lacks proof of ownership and therefore could not show that it has the right of possession. The bank responds that any error in the admission of the Holleman affidavit is harmless and that there is legally sufficient evidence in the record of its right to immediate possession of the property.

An affidavit must be made on personal knowledge. *Humphreys v. Caldwell*, 888 S.W.2d 469, 470–71 (Tex. 1994). But it need not explicitly state that it is made on "personal knowledge," if it is otherwise clear that the affiant is testifying based on personal knowledge. *Churchill v. Mayo*, 224 S.W.3d 340, 346 (Tex. App.—Houston [1st Dist.] 2006, pet. denied). Similarly, when an affidavit reflects personal knowledge and is notarized, the omission of a representation that it is "true and correct" does not render it defective. *Id.* at 346–47; *De La Garza v. Tex. Dep't of Ins.*, No. 03-11-00869-CV, 2015 WL 1285702, at *4 (Tex. App.—Austin Mar. 19, 2015, no pet.) (mem. op.). An affiant's representation that the facts stated within the affidavit are true "to the best of my knowledge and belief" is not direct and unequivocal and, therefore, is insufficient to establish personal knowledge. *State ex rel. Driscoll v. Lindsay*, 877 S.W.2d 856, 857 (Tex. App.—Houston [1st Dist.] 1994, writ denied); *$485.00 in U.S. Currency v. State*, No. 03-12-00325-CV, 2014 WL

8

4364911, at *2 (Tex. App.—Austin Aug. 28, 2014, no pet.) (mem. op.). An affiant's position or job responsibilities may suffice to show personal knowledge in certain circumstances. *Wincheck v. Am. Express Travel Related Servs. Co.*, 232 S.W.3d 197, 206 (Tex. App.—Houston [1st Dist.] 2007, no pet.). However, the affiant generally must explain how her employment confers personal knowledge about the matters on which she testifies. *Landmark Org., L.P. v. Tremco Inc.*, No. 03-07-00673-CV, 2010 WL 2629863, at *11 (Tex. App.—Austin June 30, 2010, no pet.) (mem. op.).

In her affidavit, Holleman did not represent that she had personal knowledge of the facts. With respect to two particular facts about which she testified, she stated that her testimony was made "to the best of my knowledge and belief." This is insufficient to show personal knowledge. *Lindsay*, 877 S.W.2d at 857; *$485.00 in U.S. Currency*, 2014 WL 4364911, at *2. Nor did the contents of her affidavit otherwise show her personal knowledge. Although Holleman testified that she was an employee of the substitute trustee at the time of the events discussed in her affidavit, she did not identify her position, state her job responsibilities, or explain how either one gave her personal knowledge on the matters about which she testified. The mere fact that she was employed by the substitute trustee in some unidentified capacity was not enough to show personal knowledge. *See Landmark Org.*, 2010 WL 2629863, at *11. Holleman also did not represent that the facts stated within the affidavit were true and correct. Given that her affidavit also did not

9

demonstrate her personal knowledge, mere notarization of the document did not cure this defect. *See Churchill*, 224 S.W.3d at 346–47; *De La Garza*, 2015 WL 1285702, at *4. The Holleman affidavit does not show that it was based on personal knowledge, does not represent that facts stated within it are true and correct, and is not direct and unequivocal. The trial court therefore should have excluded it from evidence. *See Humphreys*, 888 S.W.2d at 470–71.

In order to reverse the trial court's judgment based on the erroneous admission of the Holleman affidavit, Rust also must show that its admission probably caused the rendition of an improper judgment. *Codner*, 40 S.W.3d at 674; *Owens-Corning*, 916 S.W.2d at 557. Holleman's affidavit solely concerns the foreclosure on the subject property. As previously discussed, Rust litigated supposed defects in the foreclosure process in a separate lawsuit and her claims were resolved against her. *Rust*, 573 F. App'x at 345–48. The trial court in this forcible-detainer action was concerned only with deciding whether Bank of America had "the right to actual possession." TEX. R. CIV. P. 510.3(e). Rust contends that without the Holleman affidavit, there was no evidence of the bank's ownership of the property that would support its right of possession. That's incorrect. In addition to the Holleman affidavit, which only addressed the regularity of the foreclosure, the bank introduced without objection: a deed of trust signed by Rust providing that her status would be that of a tenant at sufferance in the event of foreclosure; an assignment assigning the

10

deed of trust to Bank of America; a substitute trustee's deed stating that Rust had defaulted and that Bank of America had purchased the property in a foreclosure sale; and notice to vacate the property with proof of receipt. This proof was legally sufficient to establish the bank's ownership and corresponding right of possession. *See, e.g.*, *Morris*, 360 S.W.3d at 35; *Middleton v. Crestar Mortg. Corp.*, No. 03-99-006004-CV, 2000 WL 298694, at *4 (Tex. App.—Austin Mar. 23, 2000, no pet.) (mem. op.).

Because Holleman's affidavit was not necessary to establish the bank's right of possession, its admission into evidence could not have caused the rendition of an improper judgment. Accordingly, its erroneous admission is not reversible error. *See Codner*, 40 S.W.3d at 674; *Owens-Corning*, 916 S.W.2d at 557.

## II.    Attorney's fees

Rust contends that the court erred by awarding attorney's fees to Bank of America. She argues that the bank failed to provide her the 10-day notice to vacate required in order to recover fees under the forcible-detainer statute. *See* TEX. PROP. CODE § 24.006(a).

The bank acknowledges that it did not provide 10 days' notice. Instead, it contends that the statutory notice period does not apply when a written lease provides for recovery of attorney's fees. *See id.* § 24.006(b). It argues that the deed of trust constitutes a written lease and provides for the award of fees.

11

Rust does not dispute that the deed of trust provides for the recovery of attorney's fees, but she argues that the deed of trust is not a "written lease" as required under the statute.

Whether Bank of America may recover its attorney's fees depends on an interpretation of the forcible-detainer statute, specifically Section 24.006 of the Property Code. This is a question of law which we review de novo. *Lawrence v. Reyna Realty Grp.*, 434 S.W.3d 667, 672 (Tex. App.—Houston [1st Dist.] 2014, no pet.); *Tex. Prop. & Cas. Guar. Ass'n v. Nat'l Am. Ins. Co.*, 208 S.W.3d 523, 533 (Tex. App.—Austin 2006, pet. denied).

In general, a party who successfully obtains possession of property in a forcible-detainer action may recover its attorney's fees, provided that it sent a statutorily required notice to vacate at least 10 days before it filed suit. TEX. PROP. CODE § 24.006(a). However, the notice requirement does not apply when "a written lease entitles the landlord to recover attorney's fees." *Id.* § 24.006(a)–(b).

In the context of residential tenancies, the Property Code defines the term "lease" as "any written or oral agreement between a landlord and tenant that establishes or modifies the terms, conditions, rules, or other provisions regarding the use and occupancy of a dwelling." TEX. PROP. CODE § 92.001(3). The deed of trust satisfies this definition. It provides that, if the subject property is sold as a result of foreclosure, the borrower shall immediately surrender possession and that, if she

fails to do so, she becomes a tenant at sufferance who may be removed by writ of possession. This provision of the deed of trust—the very one entitling Bank of America to possession—establishes or modifies the terms, conditions, rules, or other provisions regarding the use and occupancy of the residential dwelling at issue. Therefore, the trial court did not err by awarding Bank of America its attorney's fees under Section 24.006(b).

## Conclusion

We hold that the trial court did not abuse its discretion by excluding the proof relating to the validity of title or alleged defects in the foreclosure process, and that the admission of the Holleman affidavit did not cause the rendition of an improper judgment. We further hold that the trial court did not err by awarding the bank attorney's fees. We affirm the trial court's judgment.

Michael Massengale
Justice

Panel consists of Chief Justice Radack and Justices Massengale and Brown.